UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

BILLY E. and IDA SINGLETARY

BILLY E. SINGLETARY and IDA SINGLETARY,

Plaintiffs

vs.

EQUITY SOURCE HOME LOANS, LLC;
ANTHONY L. AFFATATI; CHASE HOME
FINANCE, LLC; J.P. MORGAN CHASE, N.A.
MARY JO MCGOWAN; CRYSTAL MOORE;
MARIA LEONOR GERHOLDT; WESTERN THRIFT
& LOAN; JAY TRAIL; ACCREDITED HOME
LENDERS INC.; LENDERS FIRST CHOICE;
CECILIA GUIZAR-RODRIGUEZ; THE CIT
GROUP /CONSUMER FINANCE, INC.;
BANK OF NEW YORK MELLON; FRANK
LENARTOWICZ; FLORENCE WATSON;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; MERSCORP HOLDINGS, INC.;
CIT MORTGAGE LOAN TRUST 2007-1;
ROY LACEY; DANIELLE EWALD; JENNIFER
SCOTT; DAVID NILSEN; FIRST AMERICAN
TITLE CO.; PRESTIGE TITLE AGENCY, INC.;
UNITED GENERAL TITLE INSURANCE
COMPANY; CALIBER HOME LOANS, INC;
AMERICAN SECURITY INSURANCE COMPANY;
AURORA COMMERCIAL CORP;  JOHN DOES
1-100; and ABC COMPANY 1-100,

Defendants.

Case No.: 21-19637-JKS

Chapter: 13

Hon. John K. Sherwood, USBJ

22-1091

**ADVERSARY PROCEEDING
COMPLAINT**

FILED
JEANNE A. NAUGHTON, CLERK

APR 1 1 2022

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

1

PLAINTIFFS, BILLY E. SINGLETARTY (Debtor) and IDA SINGLETARY by way of

Adversary Complaint against the DEFENDANTS, state and allege as follows:

## JURISDICTION AND VENUE

1.       This adversary proceeding arises in and relates to the bankruptcy case captioned

In Re Billy E. Singletary, United States Bankruptcy Court for the District of New Jersey, Chapter

13, Case Number 13-34886-JKS, and is governed by Rule 7001 of the Federal Rules of

Bankruptcy Procedure.

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1334.

3.       This matter is a core matter pursuant to 28 U.S.C.§ 157 (b) (2) (A), (H), (K) &

(O).

4.       Venue is proper in this matter in this District pursuant to 28 U.S.C. § 1409 (a)

## PARTIES

5.       Plaintiffs, BILLY E. SINGLETARY and IDA SINGLETARY, husband and wife,

have resided at 169 Van Horne Street, Jersey City County of Hudson, State of New Jersey since

1978. Billy E. Singletary is the Debtor in this matter.

6.       At all relevant times, based upon information and belief, DEFENDANT

EQUITY SOURCE HOME LOANS, LLC, is a limited liability company organized and existing

under the laws of The State of New Jersey, with its principal place of business at 1120 Campus

Drive, Morganville, New Jersey 07751.

7.       At all relevant times, based upon information and belief, DEFENDANT

ANTHONY L. AFFATATI, is a Notary Public, State of New Jersey.

8.       At all relevant times, based upon information and belief, DEFENDANT CHASE

HOME FINANCE, LLC is a Limited Liability Company doing business in New Jersey with an

office at 194 Wood Avenue South, Iselin, New Jersey 08830 which merged with DEFENDANT

J.P. MORGAN CHASE, N.A. a corporation with its principal place of business at 270 Park

Avenue, New York, New York 10017.

9.      At all relevant times, based upon information and belief, DEFENDANT MARY JO

MCGOWAN, who was involved in the assignment of the March 2006 loan for $238,000.00, is an

individual who is a Vice President for Chase Home Finance, LLC. and either an officer, director,

employee, independent contractor and/or agent for DEFENDANT CHASE HOME FINANCE,

LLC.

10.     At all relevant times, based upon information and belief, DEFENDANT

CRYSTAL MOORE is either an officer, director, employee, independent contractor and/or agent

for DEFENDANT CHASE HOME FINANCE, LLC, and stated that, in the papers related to an

assignment of the $238,000.00 loan, Plaintiff, Billy Singletary should have received notification

of the assignment years earlier and no record exists in the file of said loan.

11.     At all relevant times, based upon information and belief, DEFENDANT MARIA

LEONOR GERHOLDT, is a Notary Public, State of Florida from where she participated in the

signing/ notarizing of documents relevant to the within matter.

12.     At all relevant times, based upon information and belief, DEFENDANT

WESTERN THRIFT & LOAN is a corporation organized and existing under the laws of the State

of Nevada with its principal place of business at 580 East Plumb Lane, Reno, Nevada 89502, and

it is believed that it does not issue loans outside of Nevada.

13.     At all relevant times, based upon information and belief, DEFENDANT JAY

TRAIL is either an officer director, employee, independent contractor for and/or agent for

DEFENDANT WESTERN THRIFT & LOAN. Defendant Trail informed Plaintiff in a telephone

3

conversation that Western Thrift does not write loans in any other state than Nevada and that there
are defects in the $300,000.00 loan and assignments in December 2006.

14.     At all relevant times, based upon information and belief, DEFENDANT
ACCREDITED HOME LENDERS INC. is a corporation with its principal place of business at
15909 Avenue of Science San Diego, California 92128.

15.     At all relevant times, based upon information and belief, DEFENDANT
LENDERS FIRST CHOICE is a California Corporation with its principal place of business at
3850 Royal Avenue, Simi Valley, California, 93063.

16.     At all relevant times, based upon information and belief, DEFENDANT CECILIA
GUIZAR-RODRIGUEZ, Assistant Secretary for DEFENDANT ACCREDITED HOME
LENDERS INC., is either an officer, director, employee, independent contractor and/or agent for
DEFENDANT ACCREDITED HOME LENDERS INC.

17.     At all relevant times, based upon information and belief, DEFENDANT, THE CIT
GROUP /CONSUMER FINANCE, INC., is a corporation organized and existing under the laws
of the State of Delaware with its principal place of business at 11 West 42nd Street, New York,
New York and registered to conduct business in New Jersey.

18.     At all relevant times, DEFENDANT BANK OF NEW YORK MELLON is a
corporation with its principal place of business at 240 Greenwich Street, New York, New York
10007.

19.     At all relevant times, based upon information and belief, DEFENDANT FRANK
LENARTOWICZ, Assistant Secretary for DEFENDANT ACCREDITED HOME LENDERS
INC., is an officer, director, employee and/or agent of DEFENDANT ACCREDITED HOME
LENDERS, INC.

20.     At all relevant times, based upon information and belief, DEFENDANT
FLORENCE WATSON, is and was a Notary Public, State of New Jersey

21.     At all relevant times, based upon information and belief, DEFENDANT
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is a corporation that is
wholly owned and operated by DEFENDANT MERSCORP HOLDINGS, INC.

22.     At all relevant times, based upon information and belief, DEFENDANT CIT
MORTGAGE LOAN TRUST 2007-1 is an entity which participated in the phone game of one or
both of the 2006 loans or assignments.

23. At all relevant times, based upon information and belief, DEFENDANT,
DEFENDANT, ROY LACEY, Assistant Secretary of DEFENDANT MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., was either an officer, director, employee,
contractor and/or agent for DEFENDANT MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

24.     At all relevant times, based upon information and belief, DEFENDANT,
DANNIELLE EWALD was and is a Notary Public, State of Oklahoma.

25.     At all relevant times, based upon information and belief, DEFENDANT
PRESTIGE TITLE AGENCY, INC., was and is a corporation organized and existing under the
laws of The State of New Jersey with its principal place of business at 130 Pompton Avenue,
Verona, New Jersey 07044.

26.     At all relevant times, based upon information and belief, DEFENDANT UNITED
GENERAL TITLE INSURANCE COMPANY, is a corporation with its principal place of
business at 8310 South Valley Highway Road, Englewood, Colorado, 80112 that is wholly
owned and operated by DEFENDANT FIRST AMERICAN TITLE COMPANY.

27.    At all relevant times, based upon information and belief, DEFENDANT CALIBER HOME LOANS, INC., is a corporation organized and existing under the laws of The State of Texas, with its principal place of business at 3701 Regent Boulevard, Irving, Texas 75063.

28.    At all relevant times, based upon information and belief, DEFENDANT JENNIFER SCOTT, Authorized Signatory for DEFENDANT CALIBER HOME LOANS, INC., was either an officer, director, employee, contractor and/or agent for DEFENDANT CALIBER HOME LOANS, INC.

29.    At all relevant times, based upon information and belief, DEFENDANT DAVID NILSEN Authorized Signatory for DEFENDANT CALIBER HOME LOANS, INC., was either an officer, director, employee, contractor and/or agent for DEFENDANT CALIBER HOME LOANS, INC.

30.    At all relevant times, based upon information and belief, DEFENDANT AURORA COMMERCIAL CORP., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1000 West Street, Wilmington, Delaware 19801.

31.    At all relevant times, based upon information and belief, DEFENDANTS JOHN DOE 1-100, are individuals whose identity and or participation in one or more activities set forth in this Adversary Proceeding Complaint is currently unknown to Plaintiffs.

32.    At all relevant times, based upon information and belief, DEFNDANTS ABC COMPANY 1-100, are either sole proprietorships, a corporation, partnership, limited liability company or any entity whose identity and or participation in one or more activities set forth in this Adversary Proceeding Complaint is currently unknown to Plaintiffs.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

33.    Plaintiffs have been married to each other since May, 1980, and have resided continuously at 169 Van Horne Street, Jersey City County of Hudson, State of New Jersey (hereinafter referred to as "the Property"), since they purchased the Property in 1978.

34.    In May of 2015, Plaintiffs were considering purchasing real estate in the Commonwealth of Virginia.  Plaintiffs were informed that "the Property", was encumbered by two mortgages, something about which the Plaintiffs had no knowledge. Plaintiffs were aware only of the first mortgage, which they entered into in May, 2005, when they obtained a mortgage refinance of $180,000.00 for the Property.

35.    Plaintiffs thereafter found out that there had been two refinances of their property in 2006. Two promissory notes were secured by mortgages, against the property; the first of these transactions was in March 2006 and the second in December 2006, for $238,000.00 and $300,000.00, respectively.

36.    The first illegal mortgage was dated March 31, 2006, ("March mortgage") listing DEFENDANT EQUITY SOURCE HOME LOANS, LLC as the lender and Plaintiffs as the borrowers.  The amount of the note was $238,000.00 (Two Hundred Thirty-Eight Thousand Dollars). (Exhibit A)

37.    Plaintiffs never signed any loan application or loan documents for either loan.

38.    The documents related to the "March mortgage" were notarized by DEFENDANT ANTHONY L. AFFATATI, Notary Public, State of New Jersey.

39.    On or about April 6, 2006, Plaintiff BILLY SINGLETARY received a letter from DEFENDANT CHASE HOME FINANCE, LLC, stating that the March 2006 mortgage had been paid in full. (Exhibit B)

40.    On or about January 25, 2007 a Discharge of Mortgage was executed by

DEFENDANT MARY JO MCGOWAN, Vice President, DEFENDANT CHASE HOME

FINANCE LLC for the "March mortgage".  The Discharge of Mortgage was attested to by

DEFENDANT CRYSTAL MOORE, Assistant to DEFENDANT MARIE JO MCGOWAN and

notarized by DEFENDANT MARIA LEONOR GERHOLDT, Notary Public, State of Florida.

The Discharge of Mortgage was recorded in Hudson County, New Jersey.  No notice was given

to Plaintiffs by the Defendants and Plaintiffs did not participate in any assignment.  (Exhibit C)

41.    On or about August 8, 2018, Erica Webb, Vice President of DEFENDANT, JP

MORGAN CHASE, NATIONAL BANK ASSOCIATION, signed an Affidavit, stating that

there was a gap in the chain of assignments of the "March mortgage" and assignments of the

"March mortgage" were either lost or, never completed and never recorded.  (Exhibit D)

42.    On or about October 15, 2018 Plaintiff BILLY SINGLETARY received a letter

from Chase confirming the loan on the "March mortgage" had been paid in full.  Billy has made

many inquiries in person and by telephone at several Chase Bank offices but did not receive a

copy of the loan documents from March and December, 2006, no matter how many contacts he

made with Chase.  He requested any and all loan applications, photos of the people who

"borrowed" the $238,000 and the $ 300,000 and what proof does Chase and any other lender,

assignee or servicing agent have so Plaintiffs could confront each of the named Defendants.

43.    The other illegal loan mortgage is dated December 8, 2006 (hereinafter referred to

as the "December mortgage"). (Exhibit B)

44.    Upon learning about the "March mortgage" and the "December mortgage",

Plaintiff BILLY SINGLETARY notified the Jersey City Police Department (JCPD). The Jersey

City Police Department opened an Identity theft investigation, the JCPD issued reports on

8

September 22, 2015 and November 17, 2015. Attached is the investigation report (Department File No. 15-026005), confirming that someone borrowed money, using Billy and Ida's house as collateral, two times in 2006. The November 17, 2015, report confirms that Plaintiff Billy Singletary informed the police he was told that a lien exits regarding a 2006 mortgage for $238,000.00, which mortgage Plaintiffs neither sought, applied for nor accepted, and that an earlier mortgage was also reported as identity thief. (Exhibit E)

45.    A uniform residential loan application from DEFENDANT WESTERN THRIFT & LOAN, dated December 11, 2006 naming Plaintiff BILLY SINGLETARY as borrower and Plaintiff Ida Singletary as co-borrower, is fraudulent in that neither Plaintiff had anything to do with it. The amount of the loan is $300,000.00 (Three Hundred Thousand Dollars).

46.    The signatures of both Plaintiffs on the WESTERN THRIFT AND LOAN uniform residential loan application are forged.

47.    DEFENDANT JAY TRAIL signed the loan application on behalf of DEFENDANT WESTERN THRIFT & LOAN.

48.    Plaintiff, BILLY SINGLETARY spoke to a representative of DEFENDANT WESTERN THRIFT & LOAN who advised him that DEFENDANT WESTERN THRIFT & LOAN only provides loans to entities in the State of Nevada. Neither Plaintiff ever resided in Nevada.

49.    An adjustable-rate note dated December 8, 2006 naming DEFENDANT ACCREDITED HOME LENDERS INC. as the lender and Billy and Ida Singletary as borrowers, also is fraudulent.

50.    The signatures of Plaintiffs on the Accredited Home Lenders, Inc documents were not made by Plaintiffs.

51.     An allonge is attached to the note and has the stamp of DEFENDANT THE CIT GROUP /CONSUMER FINANCE, INC. and is signed by DEFENDANT CECILIA GUIZAR-RODRIGUEZ, Assistant Secretary for DEFENDANT ACCREDITED HOME LENDERS INC. (Exhibit F)

52.     A second allonge is attached to the note with the stamp of DEFENDANT BANK OF NEW YORK MELLON as trustee for CIT MORTGAGE LOAN TRUST 2007-1 and stamped by THE CTI GROUP /CONSUMER FINANCE, INC and is signed by DEFENDANT FRANK LENARTOWICZ, Assistant Vice President of DEFENDANT CIT GROUP/CONSUMER FINANCE, INC.

53.     DEFENDANTS, ACCREDITED HOME LENDERS INC., THE CIT GROUP /CONSUMER FINANCE, INC., BANK OF NEW YORK MELLON, and CIT MORTGAGE LOAN TRUST 2007-1 had knowledge of the existence of the "March mortgage" when the "December mortgage" was executed.

54.     The "December mortgage" named DEFENDANT ACCREDITED HOME LENDERS as lender and Plaintiffs as borrowers. (Exhibit B)

55.     DEFENDANT LENDERS FIRST CHOICE was the closing agent for "the December mortgage".

56.     Neither Plaintiff was present when the loan documents were executed for the March and December 2006 loans.  Neither received any money or goods from the proceeds of either loan.

57.     Neither Plaintiff ever applied for the March or December loans, signed a note or signed the mortgage itself, or presented any identification to any representative regarding the March or December mortgage.

58.     Although Plaintiffs never signed any documents related to the March and December, 2006, mortgages, Plaintiffs' purported – but false – signatures, on certain documents herein, were notarized by DEFENDANT FLORENCE WATSON, Notary Public, State of New Jersey who admitted to Billy Singletary that she never met him.

59.     The signatures of Plaintiffs on the March and December mortgage documents are forged.

60.     On or about October 20, 2015, DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominees for DEFENDANT ACCREDITED HOME LENDERS assigned the "December mortgage" to DEFENDANT BANK OF NEW YORK MELLON as TRUSTEE FOR DEFENDANT CIT MORTGAGE LOAN TRUST 2007-1. The assignment was executed by DEFENDANT, ROY LACEY, Assistant Secretary of DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. The assignment was notarized by DEFENDANT, DANNIELLE EWALD, Notary Public, State of Oklahoma.

61.     On or about April 21, 2007, DEFENDANT UNITED GENERAL TITLE INSURANCE COMPANY, issued a title insurance policy naming DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominees for DEFENDANT ACCREDITED HOME LENDERS, INC. as insured.

62.     On or about November 12, 2015, Billy Singletary sent a letter to DEFENDANT ACCREDITED HOME LENDERS, stating that he never signed any documents and was not present for the signing of the December mortgage that was notarized by DEFENDANT FLORENCE V. WATSON.

11

63.     DEFENDANT, CALIBER HOME LOANS, INC. subsequently became the
December mortgage loan service provider.

64.     On or about August 5, 2015, BILLY SINGLETARY, received a letter from
DEFENDANT CALIBER HOME LOANS, INC. stating that the loan on "the Property" is in
default and CALIBER HOME LOANS, INC., intends to institute a foreclosure action against
Plaintiff BILLY SINGLETARY.

65.     On or about August 15, 2015, BILLY SINGLETARY, sent a notarized letter to
DEFENDANT CALIBER HOME LOANS, INC., seeking certain documents.

66.     On or about September 22, 2017, Plaintiffs received a letter from CALIBER HOME
LOANS, INC., stating that CALIBER HOME LOANS, INC. has received notice regarding the
alleged fraud concerning the loan and asking for certain documents; Plaintiffs complied with that
request. (Exhibit G&H)

67.     On or about December 24, 2015, BANK OF NEW YORK MELLON as
TRUSTEE FOR DEFENDANT CIT MORTGAGE LOAN TRUST 2007-1 filed a Foreclosure
Complaint against Plaintiffs in Superior Court of New Jersey, Chancery Division, Hudson
County, Docket No. F-41334-15.

68.     On or about February 5, 2016, through their former attorney, Montel Figgins,
Esq., Plaintiffs filed an Answer and Counterclaim to the foreclosure Complaint.

69.     As per a Certification of JENNIFER SCOTT, Authorized Signatory for
DEFENDANT CALIBER HOME LOANS, INC., she stated that after she reviewed all business
records maintained by CALIBER HOME LOANS, INC. relating to the "December mortgage"
she concluded that DEFENDANT BANK OF NEW YORK MELLON as TRUSTEE FOR
DEFENDANT CIT MORTGAGE LOAN TRUST 2007-1 was in possession of the note and

mortgage and Plaintiffs were in default for failing to make payments on the note. However, Ms. Scott did not provide Plaintiffs with any documents supporting her assertions.

70.     Plaintiffs filed two (2) Affidavits that they had filled out, and that Plaintiff Billy Singletary had notarized, making the claim as to the fraudulent documents. Defendant Caliber told Plaintiff Billy Singletary that Caliber would investigate the claim. Plaintiff Billy Singletary contacted Caliber many times and was told that there were problems with the situation. Caliber then refused to take Billy Singletary's phone calls or to send him relevant documents from Caliber's file. (Exhibit H)

71.     On or about August 19, 2016 oral argument in support of the Parties' Motions for Summary Judgment were heard before the Honorable Barry P. Sarkisian, P.J.Ch.

72.     Judge Sarkisian, granted Summary Judgement in favor of BANK OF NEW YORK OF MELLON as TRUSTEE FOR DEFENDANT CIT MORTGAGE LOAN TRUST 2007-1 and denied Plaintiffs' request for discovery.

73.     Subsequently, DAVID NILSEN, an employee of DEFENDANT, CALIBER HOME LOANS, INC., acting as attorney in fact for DEFENDANT BANK OF NEW OF YORK OF MELLON as TRUSTEE FOR DEFENDANT CIT MORTGAGE LOAN TRUST 2007-1 executed a Certification of Amount Due.

74.     There are a number of facts, mistakes, and unusual aspects of the March 2006 and December 2006 loans which representations by Defendant's employees are admissions of knowledge of wrong doing and suspicions. It is highly rare, if not unprecedented, in one year to refinance a mortgage (the genuine mortgage, ie: Plaintiffs' loan of $180,000.00 in 2005) to be followed in less than a year by the first fraudulent, identity-theft-driven $238,000.00 loan, in March 2006 (funded on April 17, 2006) where an inflated appraisal of $280,000.00 was presented,

and benefited to the forgers $34,920.99.00. It is more than a coincidence that a few months later, criminals started the process to perform another criminal enterprise – ie: the $300,000.00 "re fi" loan that closed in December 2006. This was at the time when the records show that Billy Singletary's credit score was low. (Exhibit I)

75.    The representative at the Hudson County Registrar's office, who has worked there over 35 years wrote a note questioning that there was a legitimate $180,000.00 loan in May 19, 2005, and the two loans - $238,000.00 in March and $300,000.00 in December 2006 - are disputed.

76.    As part of Billy Singletary's efforts to investigate the loans and assignments of the loans, he met with and telephoned the Registrar's office; went to Chase Branch in Jersey City (Montgomery Street), in Journal Square and Chase Branch, Bayonne, often going there over his lunch. It was difficult for him to keep asking questions over and over.

77.    Billy Singletary made several trips to the Registrar's office on Cornelison Avenue, Jersey City to research the recorded records. An employee named Penelope prepared the attached hand written note on a piece of paper from the County records. (Exhibit J)

78.    Wanda Baragil from Chase's research department stated to Billy Singletary that in Chase's computer, that there had been a refinance loan of $180,000.00 from 2005 and she was surprised to find out about the March and December 2006 loans.  She continued to look in the computer and Ms. Baragil stated there were phone numbers written on papers and she said she would call those numbers. She stated that by telephoning a number she found out the phone number was in Ukraine. She said she would ask her supervisor if she could give a copy of the paper where the notes were but did not get permission.

14

79.    Attached are documents directly from Chase Branch that relate to the loans in March and December 2006, which were obtained by the identity thieves who forged Plaintiffs' signatures on the loan documents.  (Exhibit K)

80.    According to the attached letter from Chase Human Resources, regarding the payments of the $180,000.00 legitimate loan, it was paid off when the fraudulent loan was obtained by the thieves. (Exhibit L)

81.    Attached is a settlement statement regarding payment of $238,000.00 on the loan and money received from Accredited; also, a total of $243,000.00 re December 2006 mortgage of $300,000.00, with $44,445.89 going to the thieves. (Exhibit M)

82.    The file from Chase, incredibly, indicates that the person impersonating Plaintiff, Billy Singletary, is "unmarried" and "white". Plaintiff is a dark skinned African American. Plaintiff was informed that the loan file prepared by the lender requires that photographs of each borrower must be maintained in the file. However, Plaintiff was informed that the official file by the lender does not contain photographs of either Plaintiff. The lender's file also states that Plaintiff Billy Singletary is unmarried and the loan allegedly was being made to a white male. The Plaintiffs have been married since 1980.  (Exhibit I)

83.    According to the Mortgage from Accredited Home Lenders, Inc of San Diego, California dated December 8, 2006, and recorded on February 15, 2007, for $300,000.00; Defendant MERSCORP HOLDINGS, INC. was the mortgagee.

84.    The mortgage of $238,000.00 dated March 31, 2006 was signed by Equity Source Home Loans, LLC and was discharged by JP Morgan Chase Bank, National Association.

85.    An Affidavit of Missing or Incomplete Assignment was recorded on August 6, 2018 and states that there is a gap in the chain of assignments of the security instrument between

New Century Mortgage Corporation and Chase Home Insurance, LLC and that the assignment cannot now be obtained.

86.     Chase Branch in the Philippines Correspondence funding controls documents shows information re writes from New Century Mortgage on 4/18/06 that $240,000.00 sent to independent funding in Brooklyn, NY. ABA226071211, account No 1336018888 according to the HUD-1. Plaintiffs were not aware of this transaction and received none of the amount. The money was funded by Courtney Fox with fund authorization # 835183. (Exhibit G)

87.     The Data Audit sheet attached to the above by JP Morgan Chase in March 16, 2006 in the right column that Mr. Singletary is "unmarried." That is false. It also states that Mr. Singletary is 76 years old and "white." Mr. Singletary is black (African American, not White). (Exhibit I)

88.     Plaintiff also had a direct contact with JP Morgan Chase in the Philippines. Plaintiff obtained certain information, in a document called "Tangible Benefits" (attached), which states that the loan for $238,000.00 (dated 3/31/06) names only Mr. Singletary and not Mrs. Singletary, and that the "cash out" was $47,853.54, but this form specifies a fee of $10,454.42 without stating who received that amount. (Exhibit N)

89.     Plaintiffs had consistently stated and sworn that they never participated with anyone on applying for receiving the loan proceeds from the $238,000.00 and $300,000.00 loans.

## COUNT ONE

90.     Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

91.     DEFENDANTS owed a duty of care to Plaintiffs and, as such, knew or should have known of fraud perpetrated by individuals fraudulently representing themselves as Plaintiffs relating to the "March mortgage" and the "December mortgage."

92.     DEFENDANTS failed to exercise reasonable, reasonable and customary care to Plaintiffs, to allow individuals and entities fraudulently representing themselves as Plaintiffs to apply for loans, execute loan documents, execute a promissory note in the amount of $300,000.00 and execute mortgage documents relating to the "December mortgage".

93.     As demonstrated by the actions and failures described herein, DEFENDANTS failed to adhere to standards and customary practices and are otherwise negligent.

94.     As a direct and proximate result of the DEFENDANTS' breach of their duty to use regular, usual and customary care, Plaintiffs have suffered damages.

**WHEREFORE** Plaintiffs request this Court enter Judgment against Defendants for damages together with attorney's fees, costs of suit, interest and any other relief the Court deems just and proper.

## COUNT TWO
### (Negligent Supervision)

95.     Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

96.     DEFENDANTS, owed a duty of care to Plaintiffs as owners of "the Property" to adequately participate with and supervise their employees and agents and adequately control them to prevent malfeasance, nonfeasance and negligence.

97.     Employees of DEFENDANTS failed to perform their duties as the employees either negligently or knowingly allowed individuals, fraudulently representing themselves as

Plaintiffs, to apply for loans, execute loan documents, execute a promissory note in the amount of $300,000.00 and execute mortgage documents relating to the "December mortgage".

98.     As demonstrated by the actions and failures described above, DEFENDANTS failed to properly supervise their employees and agents to adhere to regular, usual and customary industry practices and standards and also properly control their employees to prevent malfeasance and negligence.

99.     As a direct and proximate cause of these failures, Plaintiffs sustained damages.

**WHEREFORE** Plaintiffs respectfully request this Court to enter Judgment against Defendants, for damages together with interest, attorney's fees, costs of suit, and any other relief the Court deems just and proper.

### COUNT THREE
### (Equitable Fraud)

100.     Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

101.     JOHN DOE DEFENDANTS made fraudulent representations of material facts, to DEFENDANTS, by fraudulently and deceptively claiming to be Plaintiffs and applied for loans, executed loan documents, executed a promissory note in the amount of $300,000.00 and executed mortgage documents relating to the "December mortgage".

102.     Upon information and belief, said JOHN DOE DEFENDANTS, presented counterfeit identification that identified themselves as Plaintiffs.

103.     Said JOHN DOE DEFENDANTS intended that their misrepresentations be relied upon and, upon information and belief, DEFENDANTS relied on the fraudulent misrepresentations of said JOHN DOE DEFENDANTS.

104.    As a result, Plaintiffs have been damaged.

**WHEREFORE** Plaintiffs respectfully request this Court enter Judgment against

DEFENDANTS, rescinding the December 8, 2006, promissory note, mortgage and any contracts

relating to the "December mortgage", or in the alternative reformation of the aforementioned

agreements, compensatory damages, plus interest, punitive damages, together with attorney's

fees and costs of suit, and any other relief the Court deems just and proper.

## COUNT FOUR
### (Fraud)

105.    Plaintiffs repeat and reallege each and every allegation contained in each

preceding paragraph of the Complaint as if fully set forth herein.

106. DEFENDANTS, committed common law fraud by the actions set forth herein.

As a result, Plaintiffs have been damaged.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS,

voiding any and all purported agreements, contracts, or other such documents, relevant hereto, as

well as for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and

any other relief which this Court deems equitable.

## COUNT FIVE
### (Unilateral Mistake Accompanied by Fraud)

107.    Plaintiffs repeat and reallege each and every allegation contained in each

preceding paragraph of the Complaint as if fully set forth herein.

108.    The true identity of the parties to a transaction, contract or agreement, in

executing loan documents, executing note and mortgage in the amount of $300,000.00 and

executing mortgage documents relating to the "December mortgage", are a material feature of a

transaction, contract or agreement.

109.    Upon information and belief, DEFENDANTS mistakenly relied on the fraudulent and deceptive representations that the forgers were in fact Plaintiffs.

110.    The mistake was of such a consequence that enforcement of the contracts or in this case loan documents, a promissory note in the amount of $300,000.00 and mortgage documents relating to the "December mortgage" against Plaintiffs would be unconscionable.

**WHEREFORE** Plaintiffs respectfully requests this Court enter Judgment against DEFENDANTS, rescinding the December 8, 2006, promissory note, mortgage and any contracts relating to the "December mortgage", or in the alternative reformation of the aforementioned agreements, together with interest, attorney's fees and costs of suit and any other relief the Court deems just and proper.

## COUNT SIX
## (Conspiracy to Commit Tort)

111.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

112.    DEFENDANTS acted in concert to commit an unlawful act, or a lawful act by unlawful means; more specifically, DEFENDANTS' agreement to inflict a wrong against Plaintiffs' directly and proximately caused Plaintiffs to suffer damages.

**WHEREFORE** Plaintiffs respectfully request this Court enter Judgment against DEFENDANTS, jointly and severally for damages together with interest, attorney's fees, costs of suit, and any other relief the Court deems just and proper.

## COUNT SEVEN
## (Slander of Title)

113.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

114.    DEFENDANTS acting in concert caused the aforementioned foreclosure action and shortly thereafter filed a Lis Pendens on "the Property".

115.    As a result of the filing of the foreclosure action and Lis Pendens, DEFENDANTS falsely asserted another's title to "the Property".

116.    As a result of DEFENDANTS' conduct, Plaintiffs have suffered damages.

**WHEREFORE** Plaintiffs respectfully requests this Court enter Judgment against Defendants, for damages, both compensatory and punitive, together with interest, attorney's fees, cost of suit and any other relief the Court deems just and proper.

## COUNT EIGHT
## (Defamation of Credit)

117.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

118.    As a direct result of the acts and omissions of Defendants, as more fully set forth hereinabove, Plaintiffs' credit has been defamed, ruined and irreparably damaged, inasmuch as the accusations against Plaintiffs now are a matter of the public record.

**WHEREFORE** Plaintiffs respectfully request this Court enter Judgment against DEFENDANTS, for actual and statutory damages, interest, attorney's fees costs of suit, declaratory and injunctive relief rescinding and/or reforming the agreement rescinding the December 8, 2006, promissory note, mortgage and any contracts relating to the "December mortgage", or in the alternative reformation of the aforementioned agreements, together with attorney's fees and costs of suit, and any other relief the Court deems just and proper.

## COUNT NINE

## (Violations of the Uniform Commercial Code)

119.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

120.    DEFENDANTS have a duty to conform with the Uniform Commercial Code in particular the provisions governing negotiable instruments, N.J.S.A., 12A:3-101, et seq. and those provisions governing secured transactions, N.J.S.A. 12A:9-101 et seq., which duty Defendants violated, causing Plaintiffs to suffer harm.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, voiding any and all purported agreements, contracts, or other such documents, relevant hereto, as well as for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

## COUNT TEN
## (Truth In Lending Act Violations)

121.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

122.    DEFENDANTS were required to provide notices of the right to rescind the loan and deliver material disclosures to Plaintiffs.

123.    As per the commissions and omissions of Defendants, as more fully set forth hereinabove, Defendants engaged in and committed, against Plaintiff, acts and omissions, of a deceptive, unfair and illegal nature, which, as such, violated the Truth In Lending Act, 15 USC 1601, et seq., by, among other things, failing to notify Plaintiffs of such acts and omissions, purportedly but falsely taken in Plaintiffs' name, and at Plaintiffs' request, which such acts and omissions, directly led to and resulted in significant meaningful harm and loss to Plaintiff.

Further, DEFENDANTS failed to provide Plaintiffs with proper and accurate written rescission notices and accurate material disclosures as required by TILA.

124.    The TILA violations complained of herein were apparent on the face of the assigned documents, resulting in assignee liability pursuant to 15 U.S.C. § 1641(e).5. In light of these violations, Plaintiffs was and is entitled to rescind the loan.

**WHEREFORE** Plaintiffs respectfully requests this Court enter Judgment against DEFENDANTS, rescinding the December 8, 2006, promissory note, mortgage and any contracts relating to the "December mortgage", or in the alternative reformation of the aforementioned agreements, as well as compensatory and punitive damages, along with interest, attorney's fees, costs of suit, and any other relief the Court deems just and proper.

### COUNT ELEVEN
### (Identity Theft)

125.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

126.    DEFENDANTS JOHN DOES 1-100, violated various provisions of N.J.S.A. Title 2C The New Jersey Code of Criminal Justice.

127.    Specifically, DEFENDANTS JOHN DOES 1-100 violated N.J.S.A. 2C:21-1, by forging Plaintiffs' signatures to loan documents, promissory notes, mortgages and other documents.

128.    Additionally, said JOHN DOE DEFENDANTS, violated N.J.S.A 2C:21-17.3 by fraudulently impersonating the identities of Plaintiffs.

129.    Upon information and belief, said John Doe Defendants violated N.J.S.A. 2C: 21-2.1 by presenting false drivers' licenses, and other such identifying documents, in violation of N.J.S.A. 2C: 21-17.2.

130.    By violating these and other provisions of the New Jersey Criminal Code, said John Doe Defendants were able to fraudulently obtain loans and mortgages on "the Property" and causing Plaintiffs damages.

**WHEREFORE** Plaintiffs requests this Court enter Judgment against said John Doe DEFENDANTS, for damages, both compensatory and punitive, together with interest, attorney's fees and costs of suit and any other relief the Court deems just and proper.

## COUNT TWELVE
### (Failure to Conduct an Investigation)

131.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

132.    DEFENDANTS, were or should have been aware of the fraudulent activity and transactions relating to the "March mortgage" and the "December mortgage".

133.    DEFENDANTS should have conducted a full and complete inquiry into the propriety of the of the transactions.

134.    DEFENDANTS failed to make a full and complete investigation into the transactions relating to the "March mortgage" and the "December mortgage", thereby causing Plaintiffs damages.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

## COUNT THIRTEEN
### (Notary Public Negligence)

135.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

136.    DEFENDANTS, FLORENCE WATSON and ANTHONY L. AFFATATI, were and are Notary Publics, State of New Jersey.

137.    DEFENDANTS FLORENCE WATSON and ANTHONY L. AFFATATI failed to use reasonable care when notarizing the note, mortgages and other documents and "December mortgage".

138.    As a direct and proximate result, of the failures of DEFENDANTS, FLORENCE WATSON and ANTHONY L. AFFATATI, Plaintiffs suffered damages.

**WHEREFORE** Plaintiffs requests this Court enter Judgment against DEFENDANTS, FLORENCE WATSON and ANTHONY L. AFFATATI, for damages, both compensatory and punitive, together with interest, attorney's fees and costs of suit, and any other relief the Court deems just and proper.

## COUNT FOURTEEN
### (Conspiracy)

139.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

140.    One or more of the named Defendants or of any Defendants to be named in the future, acting in concert, have conspired to fraudulently obtain one or more loan proceeds and to use those without permission or authority of the rightful owner, by, among other things, committing other crimes. These actions, by one or more Defendants, people or groups, have caused damages to Plaintiff.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

### COUNT FIFTEEN
### (Deceptive Practices)

141.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

142.    As per the commissions and omissions of Defendants, as more fully set forth hereinabove, Defendants engaged in and committed, against Plaintiff, deceptive business practices, which deceptive business practices directly led to and resulted in significant meaningful harm and loss to Plaintiff.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

### COUNT SIXTEEN
### (Unfair Practices)

143.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

144.    As per the commissions and omissions of Defendants, as more fully set forth hereinabove, Defendants engaged in and committed, against Plaintiff, unfair business practices, which unfair business practices directly led to and resulted in significant meaningful harm and loss to Plaintiff.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

### COUNT SEVENTEEN
### (Unjust Enrichment)

145.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

146.    As per the commissions and omissions of Defendants, as more fully set forth hereinabove, Defendants engaged in a pattern of conduct – and of misconduct - against Plaintiffs, which conduct and misconduct directly led to and resulted in the improper, illegal and unjust enrichment of Defendants, at the expense of Plaintiffs, directly resulting in significant meaningful harm and loss to Plaintiffs.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

### COUNT EIGHTEEN
### (Lack of Formation)

147.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

148.    As more fully set forth hereinabove, at no time and under no circumstances, either directly or indirectly, did Plaintiffs inquire about, solicit, apply for, contract for, accept, or even know about either the March, 2006 or the December, 2006 mortgage, promissory note, or any other such document arising out of or related thereto.

149.    As a result of the above, as far as Plaintiffs are concerned, there was no offer, acceptance, consideration or meeting of the minds as to any agreement, contract, or other such document, relevant hereto.

150.    In light of the above, no agreement, contract, or other such document, relevant hereto, binding upon Plaintiffs, with Defendants, or with any one or more of them, ever was formed, or now exists, or ever heretofore existed, and the continuing enforcement of any such document herein has caused, continues to cause and will in the future cause serious and permanent harm to Plaintiffs.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, voiding any and all purported agreements, contracts, or other such documents, relevant hereto, as well as for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

### COUNT NINETEEN
### (Lack of Privity)

151.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

152.    As more fully set forth hereinabove, at no time and under no circumstances, either directly or indirectly, did Plaintiffs inquire about, solicit, apply for, contract for, accept, or even know about either the March, 2006 or the December, 2006 mortgage, promissory note, or any other such document arising out of or related thereto.

153.    As a result of the above, no privity now exists, or ever heretofore existed, between Plaintiffs and Defendants, or any one or more of said Defendants, and the continuing

enforcement of the complained-of documents herein, as though such privity existed, has caused, continues to cause and will in the future cause serious and permanent harm to Plaintiffs.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, voiding any and all purported agreements, contracts, or other such documents, relevant hereto, as well as for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

**COUNT TWENTY**
**(New Jersey Consumer Fraud Act)**

154.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

155.    As per the commissions and omissions of Defendants, as more fully set forth hereinabove, Defendants engaged in and committed, against Plaintiff, acts and omissions, of a deceptive, unfair and illegal nature, which, as such, violated New Jersey's Consumer Fraud Act, NJSA 56:8-1, et seq., which such acts and omissions directly led to and resulted in significant meaningful harm and loss to Plaintiff.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, voiding any and all purported agreements, contracts, or other such documents, relevant hereto, as well as for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

**COUNT TWENTY-ONE**
**(New Jersey Residential Mortgage Lending Act)**

156.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of the Complaint as if fully set forth herein.

157.    As per the commissions and omissions of Defendants, as more fully set forth hereinabove, Defendants engaged in and committed, against Plaintiffs, acts and omissions, of a deceptive, unfair and illegal nature, which, as such, violated New Jersey's Residential Mortgage Lending Act, NJSA 17:11C-51, et seq., by, among other things, engaging in such acts and omissions with individuals who, under said law, must be licensed by the State of New Jersey but who, at all relevant times herein, were not so licensed, which such violations of said law, and which such acts and omissions, directly led to and resulted in significant meaningful harm and loss to Plaintiff.

**WHEREFORE** Plaintiffs request this Court enter judgment against DEFENDANTS, voiding any and all purported agreements, contracts, or other such documents, relevant hereto, as well as for compensatory damages, punitive damages, plus interest, costs of suit, legal fees and any other relief which this Court deems equitable.

## COUNT TWENTY-TWO
### (Civil RICO Violations)

158.    Plaintiffs repeat each and every allegation, contained in each preceding paragraph of the Complaint, as if fully set forth herein.

159.    The illegal acts of John Doe Defendants, as more fully set forth herein above, constitute violations of the Racketeering Influenced and Corrupt Organizations Act, 18 USC 1961, et seq. (hereinafter "RICO").

160.    More specifically, as more fully pleaded hereinabove, said Defendants committed said illegal acts willfully and with actual knowledge that their acts were illegal.

161.    As per the requirements of the RICO Act, there were at least two (2) such Defendants - one falsely claiming to be Plaintiff, Billy E. Singletary, and one falsely claiming to be Plaintiff, Ida Singletary – each acting in concert with the other and together constituting a criminal enterprise (18 USC 1961(4)), and there were at least two (2) illegal acts – one each for the March and the December 2006 illegal Mortgages, obviously within ten (10) years of each other.

162.    The above–described illegal acts, by said Defendants, are related – both in time and in purpose – and there is continuity to the illegal acts in that there is no reason to believe that, given the opportunity, said Defendants would not commit such illegal acts again.

163.    The above–described illegal acts of said Defendants include and constitute fraud, including fraud regarding identification documents (18 USC 1961(A)) and forgery (18 USC 1961(A)).

164.    The above-referenced pleading of fraud, against such Defendants, is consistent with the requirements of Fed.R.Civ.P. 9(B).

165.    Plaintiffs have standing to bring the within RICO claim, against said Defendants, in that Plaintiffs, who are persons, suffered damages, injuries and losses "by reason of" said Defendants' illegal acts, as more fully set forth hereinabove, and because said illegal acts are the factual, legal and proximate causes of said damages, injuries and losses. 18 USC 1964(C); Holmes v. Securities Investor Protection Corp., 503 US 258, 268-69 (1962).

166.    The above is consistent with New Jersey's RICO statute, NJSA 2C: 41-1, et seq., under which both theft (NJSA 2C: 41-1(A)(N)) and forgery & fraud (NJSA 2C: 41-1(A)(O)) – or their equivalent under the laws of other Jurisdictions – are legitimate and sufficient predicate acts to a civil RICO claim.

167. As a direct, factual, legal and proximate result of said John Doe Defendants' illegal acts, Plaintiffs have suffered damages, injuries and losses.

**WHEREFORE**, Plaintiffs request that the Court enter judgment against said John Doe Defendants for damages, both compensatory and punitive, as well as interest, attorneys' fees, costs of suit, and any other relief which this Court deems just and proper, including, but not limited to, threefold damages, appropriate injunctive relief as to any and all mortgages, liens promissory notes, allonges, assignments and other such instruments of debt and obligation, wrongfully, illegally and inequitably being used against Plaintiffs, and voiding, canceling and permanently enjoining any and all foreclosure actions, currently extant against Plaintiffs' Jersey City Property, including any existing Court judgments or orders in foreclosure. (18 USC 1964(A) & (C)).

RESPECTFULLY SUBMITTED,

Date: 4/11/22

BILLY E. SINGLETARY
Plaintiff Pro Se

Date: 4/11/22

IDA SINGLETARY
Plaintiff Pro Se