# EXHIBIT

# C

Loan No 23442114

001004196
RECEIVED
AND
RECORDED
DIS

02/09/2007 09:53A
WILLIE L. FLOOD
HUDSON COUNTY
REGISTER OF DEEDS
Receipt No. 372067

## DISCHARGE OF MORTGAGE

**STATE OF NEW JERSEY**
**COUNTY OF HUDSON**

Know all men by these presents, that a certain indenture of mortgage, now owned by the undersigned, a corporation existing under the laws of the State of  , bearing the date 03/31/2006 made and executed by:
**BILLY E SINGLETARY AND IDA MAE SINGLETARY**
as mortgagor(s) to
**EQUITY SOURCE HOME LOANS LLC**
as mortgagee(s), and with loan amount of $238,000.00 , and recorded in the office of the Register of Titles and County Recorder in and for the County of HUDSON  New Jersey, in Mortgage Book 14297  Page 1  Instr#
ASSN: FROM EQUITY SOURCE HOME LOANS LLC TO CHASE HOME FINANCE LLC
UNRECORDED ACCORDING TO NEW JERSEY STATUTES 46:18-11.6(B)

This Mortgage has been PAID IN FULL or otherwise SATISFIED and DISCHARGED.  It may now be discharged of record. This means that this mortgage is now cancelled and void.

I sign and certify to this Discharge of Mortgage on THIS 25TH DAY OF JANUARY IN THE YEAR 2007

CHASE HOME FINANCE, LLC

BY: _____
    MARY JO MCGOWAN
    VICE PRESIDENT

Attest: _____
    CRYSTAL MOORE
    ASST. SECRETARY

State of FLORIDA  County of PINELLAS
I certify that on 01/25/2007 , CRYSTAL MOORE  personally came before me and this person acknowledged under oath, to my satisfaction, that this person is the ASST. SECRETARY  of CHASE HOME FINANCE, LLC the corporation named in the foregoing acknowledgement and this person is the attesting witness to the signing of this document by the proper corporate officer who is MARY JO MCGOWAN  the VICE PRESIDENT  of the corporation. This document was signed and delivered by the corporation as its voluntary act/duly authorized by a proper resolution of its Board of Directors.
SIGNED and sworn to before me on 01/25/2007

_____
MARIA LEONOR GERHOLDT
Notary Public/Commission expires 05/26/2009

MARIA LEONOR GERHOLDT
Notary Public State of Florida
My Commission Exp. May 26, 2009
No. DD 043452?
Bonded through (800) 432-4254
Florida Notary Assn., Inc.

Prepared By:
    J. Lesinski/NTC,2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
When cancelled return to:
Nationwide Title Clearing
2100 Alt. 19 North
Palm Harbor, FL 34683

@ CHSDR 7493743

BK=00991   PG=00234

# EXHIBIT

# D

Loan Number: 0023442114

Record and Return to:
Lien Release
JPMorgan Chase Bank, N.A.
700 Kansas Lane
Mail Code LA4-3120
Monroe, LA 71203
Telephone Nbr: 1-866-756-8747

STATE OF LOUISIANA          §

PARISH OF OUACHITA          §

### AFFIDAVIT OF MISSING OR INCOMPLETE ASSIGNMENT

The undersigned, ERICA S. WEBB, being duly sworn, states as follows:

1.  I am a **VICE PRESIDENT** of JPMorgan Chase Bank, National Association ("Chase") with an address of 780 Kansas Lane, Monroe, LA 71203. Chase is the servicer of the loan described herein. I make this affidavit based upon my review of Chase's records concerning the loan described below, if any, and publicly available information.

2.  A note dated **MARCH 31, 2006**, in the original principal amount of **$238,000.00**, a copy of which is attached hereto as Exhibit 2, was executed by **BILLY E SINGLETARY** in favor of **EQUITY SOURCE HOME LOANS, LLC** and secured by a Security Instrument dated **MARCH 31, 2006**, in favor of **EQUITY SOURCE HOME LOANS, LLC** with an address of **1116 CAMPUS DRIVE WEST, MORGANVILLE, NEW JERSEY 07751**, executed by **BILLY E SINGLETARY AND IDA MAE SINGLETARY** and recorded on **APRIL 21, 2006** in the land records of **HUDSON** County, State of **NEW JERSEY BOOK 14297 PAGE 00001 INSTRUMENT NUMBER 000042091** (the "Security Instrument"). The loan was subsequently transferred.

    Property Address: **169 VANHORNE ST. JERSEY CITY, NEW JERSEY 07304**

3.  A diligent search concerning this loan, including a review of the following documents and/or sources has been conducted:

    ☒ the Security Instrument;

    ☐ the original collateral file for the loan;

    ☐ Chase's business records specifying the contents of the collateral file;

    ☒ a title report and/or title search;

    ☐ information from the county concerning the Security Instrument.

MAA
6/14/2018 v6

Loan Number: 0023442114

4.   Attached hereto as Exhibit 1 is a list of all documents of record relating to this Security
     Instrument that I have identified based on this review.

5.   Based on the search described above, it appears there is a gap in the chain of assignments
     of the Security Instrument between **NEW CENTURY MORTGAGE
     CORPORATION** and **CHASE HOME FINANCE, LLC**.  One or more assignments
     may be missing within this gap.  I have concluded that such assignment(s) either were
     never completed or, if completed, were never recorded.  After a good faith attempt, I
     have concluded such assignment(s) cannot now be obtained.



JPMorgan Chase Bank, National Association

By:

Name:   ERICA S. WEBB

Title:   VICE PRESIDENT

Date:   AUGUST 06, 2018

Subscribed and sworn to (or affirmed) before me
this 06 day of AUGUST, 2018,
by ERICA S. WEBB.

_____ , Notary Public
ID No. 101039U
Ouachita Parish, Louisiana
Lifetime Commission

Loan Number: 0023442114

## NEW JERSEY ACKNOWLEDGEMENT

*ACKNOWLEDGMENT*

*State of Louisiana*

*Parish of Ouachita*

On this  06 day of **AUGUST, 2018,** before me appeared **ERICA S. WEBB,** to me personally known, who, being by me duly sworn (or affirmed) did say that he/she is the **VICE PRESIDENT,** of JPMorgan Chase Bank, National Association, and that the seal affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed on behalf of the said entity by authority of its board of directors and that **ERICA S. WEBB** acknowledged the instrument to be the free act and deed of the said entity.

AMY GOTT
OUACHITA PARISH, LOUISIANA
LIFETIME COMMISSION
NOTARY ID # 66396

_____, Notary Public
ID No. _06396_
**Lifetime Commission**

MAA
6/14/2018 v6

## DISCHARGE OF MORTGAGE
Pursuant to N.J. Ann. Stat. § 46:18-11.2.

Know all Men by These Presents, that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, does hereby certify that a certain mortgage dated March 31, 2006, executed by BILLY E SINGLETARY AND IDA MAE SINGLETARY, Husband and Wife to EQUITY SOURCE HOME LOANS, LLC in the amount of $238,000.00, and recorded on April 21, 2006, in Volume/Book 14297 at Page 00001 and/or as Document 000042091 in the records of land evidence in the City/Town of JERSEY CITY, HUDSON County, State of New Jersey, is paid and satisfied and does hereby cancel and discharge the same of record.

Property Address: 169 VANHORNE ST, JERSEY CITY, NJ 07304

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on August __9__ 2018.

Affidavit of Missing or Incomplete Assignment from New Century Mortgage to Chase Home Finance, LLC attached hereto.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC

EDNIQUE WILLIAMS
Vice President

STATE OF Louisiana
COUNTY/PARISH OF OUACHITA                    EDNIQUE WILLIAMS

On August __9__ 2018, before me appeared _____ to me personally known, who did say that s/he/they is (are) the Vice President of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that s/he/they acknowledged the instrument to be the free act and deed of the corporation (or association).

Doris O. Britton 671 53
                                    Notary Public
LIFETIME COMMISSION

Record and Return to:                   Loan Number: 23442114
Lien Release                            Outbound Date: 01/03/07
JPMorgan Chase Bank, N.A.
700 Kansas Lane
Mail Code LA4-3120
Monroe, LA 71203
Telephone Nbr: 1-866-756-8747

NJ00/CVCNTY_NJ
03/7/18GC

CR15514
LR084

Recording Requested By:
CHASE HOME FINANCE LLC

When Recorded Return To:

BILLY E SINGLETARY
169 VAN HORNE ST
JERSEY CITY, NJ 07304

000115406
RECEIVED
AND
RECORDED
DIS

06/12/2006 04:16P
BARBARA A. DONNELLY
HUDSON COUNTY
REGISTER OF DEEDS
Receipt No. 327910

### Satisfaction, Cancellation or Discharge of Mortgage

Paid Accounts Department #:20790812 "SINGLETARY"  Lender ID:597BTDBC/020790812  Hudson, New Jersey
MERS #: 100122200001696357  VRU #: 1-888-679-6377

KNOW ALL MEN BY THESE PRESENTS that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) as holder of a certain mortgage executed to secure payment of $180,000.00 and interest, whose parties, dates and recording information are below, does hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does hereby cancel and discharge said mortgage. Said Mortgage may be discharged of record and is now cancelled and void .

Original Mortgagor:  BILLY E SINGLETARY AND IDA MAE SINGLETARY, HUSBAND AND WIFE

Original Mortgagee:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) SOLELY AS NOMINEE FOR BNC MORTGAGE, INC., A DELAWARE CORPORATION

Date Executed:  05/19/2005

Date Recorded:  06/16/2005  in Book/Reel/Liber: 12967 Page/Folio: 39 as Instrument No.: 000047703

in the County of Hudson, State of New Jersey

IN WITNESS WHEREOF, the undersigned holder has set its name hereunto;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)
On May 15th, 2006

By: *Kimberly Rakowski*
KIMBERLY RAKOWSKI, Assistant Secretary

STATE OF California
COUNTY OF San Diego

On May 15th, 2006 before me, CYNTHIA C. OSUNA, a Notary Public, personally appeared KIMBERLY RAKOWSKI, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

CYNTHIA C. OSUNA
Notary Expires: 02/20/2010 #1646519

CYNTHIA C. OSUNA
Commission # 1646519
Notary Public - California
San Diego County
My Comm. Expires Feb 20, 2010

(This area for notarial seal)

"AZA"AZACHCA"05/15/2006 03:48:09 PM" CHCA01CHCA0000000000000000467540" NJHUDSO" 20790812 NJSTATE_MORT_REL "AZA"AZACHCA"

Loan Number: 0023442114

## Exhibit 2

(Copy of Note/Credit Agreement)

[Page 1 of 6]

Loan Number: 1007213491

### ADJUSTABLE RATE BALLOON NOTE
(LIBOR Six-Month Index (As Published in *The Wall Street Journal*) - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

THIS NOTE IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

MARCH 31, 2006          MORGANVILLE          NEW JERSEY
[Date]                  [City]               [State]

169 VANHORNE ST, JERSEY CITY, NEW JERSEY 07304
[Property Address]

**1.    BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 238,000.00    (this amount is called "Principal"), plus interest, to the order of Lender. Lender is EQUITY SOURCE HOME LOANS, LLC, A LIMITED LIABILITY COMPANY (CFL # L040061)
I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      8.225  %. The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.    PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the    1st    day of each month beginning on   JUNE 1
2006        . My monthly payments will be based on an amount of   40      year amortization period the "Amortization Period"). I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  MAY  1,  2036
I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

NPMC - ADJUSTABLE RATE BALLOON NOTE (MULTISTATE)
NI-027  07/10/06                                    Page 1 of 3

Loan Number: 0023442114

(Page 2 of 6)

I will make my monthly payments at 1116 CAMPUS DRIVE WEST, MORGANVILLE, NEW JERSEY 07751
or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 1,695.16 . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Date

The interest rate I will pay may change on the 1st day of MAY, 2008 , and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 250/1000 percentage point(s) ( 6.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full over the remaining Amortization Period at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment. Notwithstanding the Amortization Period applicable to this Note, the entire unpaid principal amount will be fully due and payable on the Maturity Date.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 9.725 % or less than 8.225 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 500/1000 percentage point(s) ( 1.500 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 15.225 %. My interest rate will never be less than 8.225 %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

HOME - ADJUSTABLE RATE BALLOON NOTE (MULTISTATE)
XC-427 03/19/08                    Page 2 of 6            Docu-Tech, Inc. 3/2004-12562
                                                         www.docmagic.com

Loan Number: 0023442114

(Page 3 of 6)

**5.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due.  A payment of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note.  However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note.  If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.  My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment.  However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me.  If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15      calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be    5.000    % of my overdue payment of principal and interest.  I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

HOME - ADJUSTABLE RATE BALLOON NOTE (MULTISTATE)                                                    DocMagic ⓔForms  800-649-1362
AE-627  01/16/08                                         Page 3 of 6                                                   www.docmagic.com

MAA
6/14/2018 v6

Loan Number: 0023442114

(Page 4 of 6)

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.  WAIVERS**
I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.  UNIFORM SECURED NOTE**
This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MSAIC - ADJUSTABLE RATE BALLOON NOTE (MULTISTATE)    Page 4 of 5
SE-027 01/18/05

MAA
6/14/2018 v6

Loan Number: 0023442114

(Page 5 of 6)

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Billy B. Singletary_ (Seal)
BILLY E SINGLETARY          -Borrower

_____ (Seal)                    _____ (Seal)
-Borrower                                          -Borrower

_____ (Seal)                    _____ (Seal)
-Borrower                                          -Borrower

_____ (Seal)                    _____ (Seal)
-Borrower                                          -Borrower

where Did Billy Sign
his signature where
they Put it in 3 years later

When ?

[Sign Original Only]

20180815890082650
08/15/2018  02:09:47 PM
SATIS
NUMBER OF PAGES : 11
PDALAL

MCMC - ADJUSTABLE RATE BALLOON NOTE (MULTISTATE)
RC-637  01/18/08          Page 5 of 5          DocMagic's eSignature 800-649-1362
www.docmagic.com

MAA
6/14/2018 v6

# EXHIBIT

# E

## JERSEY CITY POLICE DEPT INVESTIGATION REPORT

| 1. JERSEY CITY POLICE DEPT | 2. Mun. Code | 3. Phone Number and Ext. | | 4. UCR | 19. Prosecutor's No. | 20. Department File No. | | Co-op |
|---|---|---|---|---|---|---|---|---|
| District:  WEST | 0906 | 201-547-5450 | | 1105 | | 15-026005 | | ☒ Original |
| 5. / Incident | | 6. NJ Statute | | 21. Victim (First, Middle, Lest) | | | | |
| ...rt of Identity Theft to Local LE | | (1) 2C:21-17.6 | | Billy Singletary | | | | |

| | | | | | | 22. Phone and Ext. No. | | 23. D.O.B / Age | 24. Sex | 25. Race |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | (201) 705-6141   ext. | | 08/06/1945  70 | M | BLACK |

| DATE AND TIME | 7. Between ☐ | 8. Hour | 9. Day | 10. Month | 11. Date | 12. Year | 26. Victim's Address (City, State, Zip) |
|---|---|---|---|---|---|---|---|
| | at ☒ | 1852 | Tue | 11 | 17 | 2015 | 169 Van Horne St  Jersey City NJ 07304-3319 (US) |

| 13. Crime / Incident Location | | | 27. Employer's Address | Phone and Ext. No. |
|---|---|---|---|---|
| 169 Van Horne St. Jersey City NJ JERSEY CITY NJ 07304 (US) | | | | ext. |
| 14. Municipality | 15. County | 16. Referred To: | 28. Person Reporting Crime / Incident | 29. Date and Time |
| JERSEY CITY | HUDSON | NDC Santiago | Billy Singletary | 11/17/2015  18:52 |
| 17. Type of Premises and Code | | 18. Weapons / Tools and Code | 30. Address | Phone and Ext. No. |
| SINGLE FAMILY DWELLING | | NONE | 169 Van Horne St  Jersey City NJ 07304-3319 (US) | (201) 705-6141  ext. |
| 31. Modus Operandi / How Committed | | | 32. Physical / Clothing Description | |
| Unknown actor used the victims identity to apply for a morgage | | | Unknown | |

| 33.Vehicle | 34. Year | 35. Make/Model | | 36. Body Type | 37. Color | 38. Registration # and State | 39. VIN Number or Identification |
|---|---|---|---|---|---|---|---|
| VALUE STOLEN PROPERTY | 40. Currency | 41. Jewelry | 42. Furs | 43. Clothing | 44. Auto | 45. Miscellaneous | |
| 46. Total Value Stolen | 47. Total Value Recovered | 48. Teletype Alarm/ GA # | 49. Technical Services | 50. Technician and Agency | | | |
| 51. Weather | 52. Evidence Bag No. | 53. VINE # | 54. Cross Reference File | 55. Evidence  None | 56. Disposition | | |
| UNKNOWN | | | 15-21102 | ☐ NJSBt  ☐ Retained  ☐ Returned  ☐ Destroyed | ☐ Arrest Pending  ☐ Teletype Pending  ☐ Evidence Pending | | |
| 57. Chem. Lab. No | 58. MV Ballistics No. | 59. MV Summons No. | 60. | | | | |
| 61. No. Arrested | 62. Adult | 63. Juvenile | 64. Crime Status | 65. Case Status | 66. Detective Assigned | 67. | |
| | | | ACTIVE | INVESTIGATION | | | |

| 63. Name | Involvement | Address | Phone Number | 69. Age | 70. Sex | 71. Race | 72. DOB |
|---|---|---|---|---|---|---|---|
| Billy Singletary | VICTIM | 169 Van Horne St  Jersey City NJ 07304-3319 (US) | (201) 705-6141 | 70 | M | BLACK | 08/06/1945 |

. Narrative

n November 17 at 1900 hours the victim Mr. Billy Singletary responded to the West District to
eport an incident of Identity Theft.  Mr. Singletary stated that in May of 2015 he was
pplying for a mortgage to purchase a home in Virginia.  During the course of the application
e was informed that he had a third mortgage on his home located at 169 Van Horne St Jersey
ity NJ.  Mr. Singletary stated that he never applied for this mortgage and never received the
econd mortgage.  A credit check found a mortgage for $238,000 issued by Chase Home Finance,
.C on January 25th 2007. Mr. Singletary stated that he never received any notifications or
ill from the lender.  NDC Santiago was notified.  See file # 15-21102 for a previous report
om Mr. Singletary for another mortgage for $300,000 he stated he did not apply for.

| ype the Rank, Name and Badge # of Reporting Officer(s) | 75. | 76. Page | 77. Date of Report | 78. TRU/DRU I.D. |
|---|---|---|---|---|
| ATA, S F - POLICE OFFICER [2941] | | Page 1 of 1 | 11/17/2015 19:07 | LICATA, S F |
| ...ature(s) | | 79. Unit  WDC | 80. Event Number | 81. Reviewed By |

# EXHIBIT

# F

**2**

*SAME AS LOAN #*

Loan No: 0612055857

Mortgagee: ~~BILLY E. SINGLETARY~~, IDA MAE SINGLETARY

Address:  169 VAN HORNE STREET
          JERSEY CITY, NJ 07304

Loan Amount:$ 300,000.00

## ALLONGE TO NOTE

PAY TO THE ORDER OF:

_____

WITHOUT RECOURSE

_____
Cecilia  Guizar-Rodriguez
Assistant Secretary
Accredited Home Lenders, Inc., A California Corporation

*CALIBER*

MIN # 10017610612055 0573
AHL 620017.UFF

SINGLETARY
Page 1 of 1

Loan #  0612055857



**1 record matched your search:**

MIN # SAME AS LOAN #

MIN: 1001761-0612055857-3    Note Date: 12/08/2006          MIN Status: Inactive

Servicer:  Caliber Home Loans, Inc                          Phone: (405) 608-2530
           Coppell, TX

If you are a borrower on this loan, you can click here to enter additional information and
display the Investor name.

Return to Search

For more information about Mortgage Electronic Registration Systems, Inc. (MERS) please go to www.mersinc.org

Copyright© 2021 by MERSCORP Holdings, Inc.

# EXHIBIT

# G

 **CALIBER** PO Box 24610
**HOME LOANS** Oklahoma City, OK 73124

July 2, 2018

BILLY SINGLETARY
IDA SINGLETARY
524 NEWARK AVE
JERSEY CITY      NJ  07104

Caliber Account Number:      9800636657

Dear BILLY SINGLETARY and IDA SINGLETARY:

Caliber Home Loans, Inc. ("Caliber"), the servicer of the above-referenced loan, recently received notification of alleged fraud regarding the above-referenced loan.

In order for our investigation to proceed, you must provide all of the following:

1.  A clear copy of **two** forms of your identification (each): for example, a Driver's License and Social Security card.

2.  The attached Affidavit, signed and notarized.

3.  A copy of a full police report regarding your complaint.

Please return the original Affidavit along with the other documentation to Caliber at the address shown above. You should keep a copy of the documents for your records. If we do not receive all requested documents, we will be unable to complete the investigation.

Caliber appreciates the opportunity to respond to your request. If you have any questions regarding this information or any other concerns, please contact our office at 800-401-6587. Our hours are 8:00 a.m. to 7:00 p.m., Central Time, Monday through Friday, excluding federal holidays.

Sincerely,

Customer Service Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

# EXHIBIT

# H

# **Affidavit**

I, _Billy SINGLETARY_ , the undersigned party, state the following:

A.    My current residential address is:

Street: _169 VAN HORNE STREET_

City: _JERSEY CITY_    State: _N.J._ Zip Code: _07304_

Social Security Number: _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_ Telephone: _201-705-6141_

Name and Address of My Attorney: _VINCENT J. D'ELIA_

_574 NEWARK AVE_

_JERSEY CITY, N.J. 07306_

Attorney's Telephone: _201-656-6503_ Attorney's Fax Number: _201-656-3276_

Attorney's Email Address: _VJD @ dEliAMcCARTHY.COM_

B.    There is a loan(s) in my name originated with the following lender:

_BNC MORTGAGE, INC_

C.    The loan(s) are:
(i)    Loan Number _STA 001617_ in the amount of $ _180,000.00_

(ii)    Loan Number _____ in the amount of $_____

D.    The loan(s) affect the real property (the "property") with the following address:

Street: _169 VAN HORNE ST._

City: _JERSEY CITY_    State: _N.J._ Zip Code: _07304_

* * * * * * * * * *

E.    I do **not** have copies of the following loan documents:

**Please check all that apply:**
Loan Application ___, Promissory Note___, Mortgage___, Deed of Trust___, HUD-1 Closing Statement___

Other loan documents (please list):

_____

F.    I have reviewed the loan application, promissory note and mortgage or deed of trust and HUD-1 closing statement associated with the loan(s) above and state as follows (**please place initials beside all that apply**):

(i)    Loan Application

I signed the loan application. _____    I did not sign the loan application. _____

The income stated on the application is accurate. _____

The income stated on the application is inaccurate. _____

My income is $_____ per month.

If there are other inaccuracies in the loan application, please list them below:

_____

_____

(ii)    Promissory Note

I, or my attorney-in-fact, signed the promissory note.        _____

I, or my attorney-in-fact, did not sign the promissory note.    _____

(iii)    Mortgage or Deed of Trust

I, or my attorney-in-fact, signed the Mortgage/Deed of Trust.    _____

I, or my attorney-in-fact, did not sign the Mortgage/Deed of Trust.    _____

(iv)    HUD-1 Closing Statement

I, or my attorney-in-fact, reviewed and signed the HUD-1 Closing Statement.    _____

I, or my attorney-in-fact, did not review and sign the HUD-1 Closing Statement. _____

(v)    In addition to the loan proceeds, I received payment of $_____

for entering into this loan from _____.

(vi)    I did not receive payment from the closing of the loan transaction.    _____

G.    Monthly Payments Due under the Loan

I can afford the monthly payments due under this loan.    _____

I cannot afford the monthly payments due under this loan.    _____

H.    I decided to apply for this loan in order to (place initials beside all that apply)

(i)    Make an investment. _____

If this applies to your situation, please explain how you expected to benefit from this investment.

_____

_____

_____

_____

(ii)    Improve my credit rating. _____

(iii)    Aid a family/friend. _____

(iv)     If there are other reasons, please list them below (attach separate sheets as required):

_____

_____


I.        I live on the Property:            _____

          I do not live on the Property: _____

          The Property is unoccupied: _____

          The Property is occupied, and the following persons live on the Property:


          _____

          I am managing/maintaining the Property:            _____

          I am not managing/maintaining the Property:        _____

          I have reviewed an appraisal of the Property:       _____

          I have not reviewed an appraisal of the Property:   _____

          Comments regarding the Property:


          _____

          _____

          _____


J.        I acknowledge that Caliber Home Loans, Inc. ("Caliber") is the Mortgage servicer of the loan(s)
          referenced above.

K.        I understand that Caliber provides this Affidavit as a courtesy to me and that the execution of this
          Affidavit shall not constitute a release by Caliber of any of Caliber rights under the loan(s).

L.        I understand that Caliber reserves the right to collect monthly payments, pursue foreclosure or
          otherwise enforce its rights under the loan(s).

M.        I further acknowledge that I am advised to seek the advice of an attorney in this matter.


**I certify that the signature in this affidavit is my own true signature and I sign under the penalty of
perjury.**

Signature: _Billy Singletary_____          Date: _____

State/Commonwealth of _____NEW JERSEY_____

County of ____Hudson_____

**SWORN to and SUBSCRIBED before me**
**This _____day of _____20____.**


_____
**Notary Public**

**My commission expires _____**

**[NOTARY SEAL]**

## Vincent D'Elia

| | |
|---|---|
| **From:** | Vincent D'Elia |
| **Sent:** | Tuesday, July 10, 2018 10:41 AM |
| **To:** | spoc@caliberhomeloans.com |
| **Subject:** | Re: Caliber Account Number 9800636657 |
| **Attachments:** | doc11017220180710093718.pdf |

I represent Billy and Ida Singletary who own 169 Van Horne Street, Jersey City, New Jersey 07304.

They were told by your company to complete the enclosed Affidavit signed by Billy, and to have their attorney send the Affidavit to Caliber Home Loans directly. I am providing a copy of their letter and the Affidavit to your counsel

The July 2, 2018 letter you sent enclosing the Affidavit form states that you received notification of alleged fraud regarding the above account.

Mr. Singletary informed me that he was told by a representative of Caliber that your company has been looking into this matter and were not proceeding with the foreclosure right now. Please ask your attorney to contact me about this issue.

As directed by Caliber, in its July 2, 2018 letter to Billy and Ida, I am enclosing two forms of ID of Billy.

By copy of this letter, I am requesting that your attorney and Caliber Home Loans help who forged documents and defrauded lenders, my clients and others regarding a $238,000 loan on March 31, 2006 from Equity Source Home Loans, Inc., and a $300,000 loan from accredited Home lenders on December 8, 2006.

Mr. Singletary and Ida Singletary both did not know about these loans, did not sign any documents regarding the loans and did not get any money.

We ask you to review the documents; see what identifications Caliber and others have of my clients and help us clear the names of my clients.

Thank you,
Vincent J. D'Elia

Enclosure
cc: Attorney for Caliber

Vincent J. D'Elia, Esquire
574 Newark Avenue
Jersey City, New Jersey 07306
Phone: (201) 656-6503
Fax: (201) 656-3276

**Disclaimer:** The filters and firewalls needed in the current internet environment may delay receipt of emails, particularly those containing attachments. We strongly urge you to use delivery receipt and/or telephone calls to confirm receipt of important email.

**Confidentiality Notice:** This electronic message contains information from the law firm of Vincent J. D'Elia, Esquire. This email and any files attached may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please forward same to sender and destroy the original transmission and its attachments without reading or saving in any manner.

# EXHIBIT

# I

# CORRESPONDENT FUNDING CONTROL

| Borrower(s) BILLY E SINGLETARY | | Loan Number 1007213491 | Date Funded 04/17/2006 | Prepay N/A |
|---|---|---|---|---|

| Address, City, State, Zip |
|---|
| 169 Vanhome St, Jersey City, NJ 07304 |

| Loan Program | Term | Fico | Owner Occupied | Non-Owner Occupied | Loan Purpose |
|---|---|---|---|---|---|
| 2/38 LIB 1.5/7CAP BLLN30 | 360 | 582 | X | | Cashout Refinance |

| Purchased Balance | Interest Rate | Margin | | Ratios | LTV | Appraised Value |
|---|---|---|---|---|---|---|
| $238,000.00 | 8.225 | 6.250 | | 37.412/ 41.761 | 85.000 | 280,000.00 |

Original Loan Amount
238,000.00

Date 1st Pmt Due
To NEW CENTURY 06/01/2006

Correspondent   Equity Source Home Loans LLC
Lender:         1116 Campus Drive West
                Morganville, NJ 07751

P&I  $1,695.16
Loan Status  Approved
Risk  A+
Census Tr.  4600

| | | | | |
|---|---|---|---|---|
| Home | 0.000 | % --------> | $ 0.00 | |
| Branch | | % --------> | $ | |
| Broker | 1.500 | % --------> | $ 3,570.00 | |
| Total | 1.500 | % --------> | $ 3,570.00 | |

Branch  3453/3453 - Pearl River (Region 24)
A/E    Kevin Conover
Branch #  3453          Source #  05

## Loan Purchase Worksheet

| | |
|---|---|
| Purchase Loan Amount | $238,000.00 |
| Interest  -14  Days  @  $ 53.63 | |
| From: 05/01/2006  To: 04/17/2006 | -$750.82 |
| Total Purchase Price (%):   1.500% | |
| Total Purchase Premium ($): | $3,570.00 |
| Net Impounds Due To/From Correspondent Lender: | $0.00 |
| Misc. fee #1 to/from seller | |
| NCEN | -$350.00 |
| Misc. fee #2 to/from seller | |
| assignment | -$25.00 |

FUND

| NET WIRE AMOUNT TO CORRESPONDENT LENDER | $240,444.18 |
|---|---|

APPROVED BY _____   Date _____

FUNDER    Courtney Fox _____   Date _____

WIRE AMOUNT $240,444.18

## Pre Funding Audit Worksheet

| | | | | |
|---|---|---|---|---|
| **LOAN NUMBER: 1007213491** | | SS# Borrower | 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 | |
| **MORTGAGORS:** | | Co-Borrower | | |
| **BILLY E SINGLETARY** | | **HAZARD INSURANCE** | | |
| | | Condo | N | |
| **ESCROWS** | | Company | **LLOYDS OF LONDON** | |
| Haz Insurance | N | Expiration Date | 05/13/2006 | |
| Taxes | N | Premium | $1,280.22 | |
| Lien | N | Coverage | $ 238,000.00 | |
| Int. on Escrows | N | Policy Number | AIH8787 | |
| ARM Loan | Y | **FLOOD INSURANCE** | | |
| ARM Plan Code | 40LIB26MBLLN30 | Company | **LLOYDS OF LONDON** | |
| **PROPERTY ADDRESS** | | Expiration Date | | |
| 169 Vanhorne St | | Premium | $0.00 | |
| Jersey City, NJ 07304 | | Coverage | $0.00 | |
| | | Policy Number | | |
| Telephone # Home (201)432-3905 | | **MISC. INSURANCE** | | |
| Work 2013303225 | | Company | | |
| **MAILING ADDRESS** | | Expiration Date | | |
| 169 VANHORNE ST | | Premium | | |
| Jersey City, NJ 07304 | | Coverage | | |
| **NOTE INFORMATION** | | Policy Number | | |
| Interest Rate | 8.225 | **MISC INFO** | | |
| Principal Balance | $238,000.00 | Prepay Penalty | N/A | |
| Orig. Mtg Amnt. | $238,000.00 | Flood Insurance | N | |
| Loan Term | 360 months | Earthqk Insurance | N | |
| Closing Date | 03/31/2006 | Wind/ Vol Insurance | N | |
| Disb. Date | 04/05/2006 | Loan Assumable | N | |
| Note Date | 03/31/2006 | Inv. # | 555 | |
| Maturity Date | 05/01/2036 | Cat # | 1 | |
| PMT Due Date | 06/01/2006 | **PROPERTY INFO** | | |
| 1st Pmt Date | 06/01/2006 | Property Type | 2 Unit | |
| Int. Due From Clsg. | $0.00 | Property Type Code | 2 | |
| Esc. Due From Clsg. | $0.00 | Loan Purpose | Cashout Refinance | |
| Margin | 6.250 | Owner Type | 1 | |
| Interest Rate Floor | 8.225 | Occupancy Code | Primary Residence | |
| Balloon Term | | Property Value | $280,000.00 | |
| **PAYMENT INFORMATION** | | Purchase Price | $0.00 | |
| P & I | $1,695.16 | # of Borrowers | 1 | |
| County $ | Town $ | Person Code | N | |
| City $ | School $ | PTS + ORIG FEE | $0.00 | |
| Hazard $ | FreeForm $ | **TAX INFORMATION** | | |
| Flood $ | | Payee-County Hudson | Payee-Town Jersey City | |
| Coupon Month | | Due Date | Due Date | |
| Bill Cycle | | Disb Amnt. $ | Disb Amnt. | |
| Initial Esc. State Dt | | Payee-City Jersey City | Payee-School | |
| Doc Code / Balance | 98  1.000 | Due Date | Due Date | |
| **LOCATION INFO.** | | Disb. Amnt. $ | Disb Amnt. | |
| State Code | 34 | Payee-FreeForm | | |
| County | Hudson | Due Date | | |
| City | Jersey City | Disbursement Amnt. $ | | |
| Property Occupancy | 1 | Tax Id# | NA* | |
| Construction Code | E | **FLOOD INFORMATION** | | |
| Tax Name/Borrower | SINGLETARY | Program | Regular Program | |
| SubDivision | | Determination Date | 03/16/2006 | |
| Section | | Box #B - C.P.# | 340223 | |
| Block | | Certification No | 340223 | |
| Lot | | | | |

# ● DATA AUDIT SHEET ●



## LOAN DATA
Loan Number: 1007213491
Originator: New Century Mortgage Corporation
Matrix Code: **Traditional**
Concurrent Loan #:
Transaction Type: **Correspondent**
Accounting Funding Date:
Date Funds Pledged:
Refinance Type: **Debt Consolidation**
Impounded: **No Escrow**
Section 32: **N**
Flood Ins. Required: **N**

## NOTE
Property Street Addr:
**169 Vanhorne St**
Property Unit Nbr:
Property City: **Jersey City**
Property State: **NJ**
Property Zip: **07304**
Property County: **Hudson**

| | |
|---|---|
| Loan Program: | 2/38 LIB 1.5/7CAP BLLN30 |
| Loan Amount: | 238,000.00 |
| Purchase Balance: | 238,000.00 |
| Interest Rate: | 8.225 |
| 1st Payment Due: | 06/01/2006 |
| 1st Due To NCM: | 06/01/2006 |
| Maturity Date: | 05/01/2036 |
| P & I: | 1,695.16 |
| Amortization Term: | 480 |
| Loan Term: | 360 |
| The Index: | 6 Month LIBOR Index |
| Look Back Period: | |
| Margin: | 6.25 |
| Rounding Method: | Rounded to the nearest .125 |
| Periodic Cap: | 1.500% |
| 1st Rate Adj Cap: | 1.500% |
| 1st Rate Adj Date: | 05/2008 |
| Life Rate Ceiling: | 15.225 |
| Late Charge (days): | 15 |
| Late Charge (%): | 5.000 |
| PrePay Penalty (yrs): | 0 |
| Assumable: | No |

## BRANCH / BROKER / FEES
Branch: 3453/3453 - Pearl River (Region 24)
Account Executive Kevin Conover
Broker: 80268   Equity Source Home Loans LLC

| | | |
|---|---|---|
| Origination Points: | 0.000 | 0.00 |
| Broker Fees: | | 0.00 |
| Broker Rebate: | 0.000 | 0.00 |
| Corr Purch Price: | | .00 |
| Discount Points: | | 0.00 |
| Lender Fees: | | 0.00 |

Was the loan audited by the funder?   ☐ Yes   ☐ No

## BORROWER INFORMATION
Application Date: 03/16/2006
### Borrower 1
Last Name: **SINGLETARY**
First Name: **BILLY**
Middle Name: **E**
Suffix:
Mailing Address:
**169 VANHORNE ST**
**Jersey City, NJ 07304**
Marital Status: **Unmarried**
Home Phone: **(201)432-3905**
Work Phone: **2013303225**
Time on Property: **2**
Time on Job: **27**
SSN: **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**
FICO Score: **582**
HMDA Data:
  Ethnicity: Not Hispanic or Latino   Sex: M DOB: 08/06/45
  Race:White

Application Taken: **By Telephone**
Lender's Observation: No
### Co-Borrower/ Borrower 2
Last Name:
First Name:
Middle Name:
Suffix:
Mailing Address:

Marital Status:
Home Phone:
Work Phone:
SSN:
HMDA Data:
  Ethnicity:   Sex:   DOB:
  Race:

Application Taken:
Lender's Observation:

## APPROVAL
Risk Grade: **A+**
Doc Type: **Full Doc - 2yr W2/Tax Returns**
Loan Purpose: **Cashout Refinance**
Occupancy: **Primary Residence**
Income: **5,856.01**
Front Debt Ratio: **37.412**
Back Debt Ratio: **41.761**
Underwriter Name: **Tarene Keegan**
LTV: **85.000**
CLTV: **85.000**
Existing Lien Balance: **N/A**

## APPRAISAL
Sales Price: **238,000.00**
Review Appraisal Amt. **280,000.00**
Appraisal Amount **280,000.00**
Property Type: **2 Unit**
PUD Project Name:

Auditor: _____   Editor: _____
        Shipper                                    Supervisor / Manager

Comments:
_____
_____
_____
_____

New Century Mortgage Corporation 
18400 Von Karman, Ste 1000
Irvine, CA 92612

# WIRE REQUEST FORM
## Correspondent

DATE: April 17 , 2006

WIRE AMOUNT: 240,444.18

**INTERMEDIARY BANK INFORMATION:**

NAME:

ADDRESS:

ABA #

**BENEFICIARY'S BANK INFORMATION:**

NAME: INDEPENDENCE SAV

ADDRESS:

BROOKLYN, NY

ABA #    226071211

**BENEFICIARY INFORMATION:**

NAME: EQUITY SOURCE HOME LOANS,LLC

ACCT. NO. AT BENEFICIARY'S BANK: 1336018088

ORDER NO: EQ8488

**FURTHER CREDIT INFORMATION:**

SINGLETARY Loan 1007213491

BORROWER NAME:

**BILLY E SINGLETARY**

LOAN NUMBER:
**1007213491**

Product - Traditional

Funder Name:

Courtney Fox

Funder Signature:

HUD-1 Impound Certification

Funding Authorization Number

835183

Printed by: Courtney Fox
Printed on: 04/17/2006 1:04:31 PM

NCMC
Wire Request Form
RE-293    (121302)                    Page 1 of 1                    1007213491

**EQUITITLE, LLC**
**1118 CAMPUS DRIVE WEST**
**MORGANVILLE, NJ  07751**
**TEL:  (732) 972-1820**
**FAX:  (732) 9720430**


**WIRE INSTRUCTIONS**

NAME OF ACCT:          **EQUITITLE, LLC TRUST ACCOUNT**
**1118 CAMPUS DRIVE WEST**
**MORGANVILLE, NJ  07751**

ACCT #:          **94205 44734**
NAME OF BANK:  **BANK OF AMERICA**
BANK ROUTING #:**026 009 593**

BANK ADDRESS: **MARLBORO PLAZA OFFICE**
**ENGLISHTOWN, NJ  07726**

BANK TEL:          **(732) 972-4490  ASK FOR DIANE**

# EXHIBIT

# J

rty2
ARGENT MORTGAGE COMPANY LLC

gal Descriptions:

cuments Referenced:

ok Type    Book & Page

eferenced By Documents:

Reference Type          Instrument #          Legacy #

They Seem To have Recorded a
NSM Before each of the mortgage
$180,000.00, $238,000.00 and the $300,000.00
Trying To Say New owners for 169 van Horne St.
NSM Means Notice of Settlement. (Lies)
You are and was Same owner. Why would
New those New mortgager. You already
had your mtg. paid off. Why would You
& who would give You all that money
To satisfy those mortgage in 1 year
each Time. One after another $180,000.00
a year Tater $238,000.00 then year later
$300,000.00. Any fool could see that
was inside Billy Singletary.