VINCENT J. D'ELIA, ESQUIRE
309 Communipaw Avenue, Ground Floor
Jersey City, New Jersey 07304
Telephone: (201) 656-6503
Facsimile:  (201) 656-3276
NJ Attorney ID#284851972
Email: vjd@deliamccarthy.com
Attorney for Plaintiffs, Billy E. Singletary and Ida Mae Singletary

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004¬2(c) | |
| In re:<br><br>BILLY E. and IDA SINGLETARY,<br><br>    Debtors | Case No. 21-19637-JKS<br><br>Chapter 13<br><br>  Honorable John K. Sherwood, U.S.B.J. |
| BILLY E. SINGLETARY and IDA SINGLETARY,<br><br>    Plaintiffs,<br>            v.<br>EQUITY SOURCE HOME LOANS, LLC; ANTHONY L. AFFATATI; CHASE HOME FINANCE, LLC; J.P. MORGAN CHASE, N.A.; MARY JO MCGOWAN; CRYSTAL MOORE; MARIA LEONOR GERHOLDT; WESTERN THRIFT & LOAN; JAY TRAIL; ACCREDITED HOME LENDERS INC.; LENDERS FIRST CHOICE; CECILIA GUIZAR-RODRIGUEZ; THE CIT GROUP/CONSUMER FINANCE, INC.; BANK OF NEW YORK MELLON; FRANK; LENARTOWICZ; FLORENCE WATSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP HOLDINGS, INC., CIT MORTGAGE LOAN TRUST 2007-1; ROY LACEY; DANIELLE EWALD; JENNIFER SCOTT; DAVID NILSEN; FIRST AMERICAN TITLE CO.; PRESTIGE TITLE AGENCY, INC.; UNITED GENERAL TITLE INSURANCE COMPANY; CALIBER HOME LOANS, INC; AMERICAN SECURITY INSURANCE COMPANY; AURORA COMMERCIAL CORP; JOHN DOES 1-100; and ABC COMPANY 1-100,<br><br>    Defendants. | Adv. Proc. No. 22-01091-JKS<br><br>**FIRST AMENDED (SUPERSEDING) ADVERSARY COMPLAINT OF BILLY E. SINGLETARY AND IDA MAE SINGLETARY**<br><br>**Dated October 27, 2023** |

## Contents

JURISDICTION AND VENUE ........................................................................................... 1

INTRODUCTION ........................................................................................................... 1

PARTIES ........................................................................................................................ 3

    Plaintiffs ................................................................................................................. 3

    Defendants ............................................................................................................. 3

STATEMENT OF FACTS COMMON TO ALL COUNTS ............................................... 8

    (a) Introduction ..................................................................................................... 8

    (b) Facts in Support ............................................................................................... 9

    (c)     The March 2006, $238,000 Mortgage ........................................................ 10

    (d)    The December 2006, $300,000 Mortgage Modification ............................. 13

COUNT ONE ................................................................................................................ 20

    (Voidance and/or Damages under New Jersey Predatory Lending Caselaw--Defendants J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.,) ............................................................ 20

COUNT TWO ............................................................................................................... 22

    (Common Law Fraud: J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon, Individually and as Trustee for Defendant Citi Mortgage Loan Trust 2007) ..... 22

COUNT THREE ............................................................................................................ 23

    (Equitable Fraud: J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon) ............................................................................................................................... 23

COUNT FOUR .............................................................................................................. 23

    (Damages, including Treble Damages, and Other Relief, including Attorneys' Fees, and Voidance, under The New Jersey Consumer Fraud Act: J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon) ......................................................................... 23

COUNT FIVE ............................................................................................................... 24

    (Declaratory Judgment: All Defendants) ............................................................... 24

**EXHIBIT A** ................................................................................................................ 27

(Addendum: 2018 Case Involving New Century Mortgage Corp Loan) .................................... 27

PLAINTIFFS, BILLY E. SINGLETARY and IDA SINGLETARY (hereinafter, collectively "Plaintiffs" or individually, "Plaintiff", by way of their First Verified Amended (Superseding) Adversary Complaint allege as follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding arises in and relates to the bankruptcy case captioned In Re Billy E. Singletary and Ida Singletary, United States Bankruptcy Court for the District of New Jersey, Chapter 13, Case Number 13-34886-JKS

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1334;

3.      This matter was a core matter pursuant to 28 U.S.C.§ 157 (b) (2) (A) & (H);

4.      Venue was proper in this matter in this district pursuant to 8 U.S.C. § 1409(a).

## INTRODUCTION

5.      Plaintiffs submit this amended complaint as Plaintiffs' First Amended (Superseding) Complaint, amending Plaintiffs' complaint herein, filed herein on April 11, 2022 as ECF Docket No 32.

6.      Plaintiffs herewith offer to dismiss from this action, without prejudice, and without attorneys' fees or costs against Plaintiffs, as to the following Defendants, upon delivery to Plaintiffs' counsel of a proper stipulation of dismissal, and without releasing any of said Defendants from the obligation to provide witnesses at any trial or for discovery in this action, with respect to the conduct herein described: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP HOLDINGS, INC.;

FIRST AMERICAN TITLE CO.; PRESTIGE TITLE AGENCY, INC.; UNITED

GENERAL 'TITLE INSURANCE COMPANY.[1]

7.     In addition, Plaintiffs do not object to the removal from this action the

following Defendants who have not yet been served with process by Plaintiffs, without

prejudice to the renaming of same at a later time should it be warranted: ANTHONY L.

AFFATATI[2]; MARY JO MCGOWAN; CRYSTAL MOORE; MARIA LEONOR

GERHOLDT; JAY TRAIL; FRANK LENARTOWICZ; and FLORENCE WATSON;

ROY LACEY; and DANIELLE EWALD.

8.     By way of introduction, Plaintiffs request that the Court note that the

transactions herein described arose during the time of the subprime lending crisis, in the

first decade of the century, involving rampant fraud by subprime lenders, such as New

Century Mortgage Corporation — a party in an assignment of mortgage in this case[3] —

which declared bankruptcy on April 2, 2007 (the Singletarys' original mortgage was

dated December 8, 2006). [4]

---

[1] Plaintiffs previously entered into such a dismissal with respect to Equity Source Home Loans, LLC.

[2] Upon information and believe now deceased.

[3] See Assignment of Mortgage referenced in ECF Doc 1-3 filed 04/11/22, Exhibit K-N Page 7 of 39, from EQUITY SOURCE HOME LOANS, LLC to NEW CENTURY MORTGAGE CORPORATION, dated March 31, 2006, but not recorded until October 11, 2007.

[4] See https://www.sec.gov/news/press/2009/2009-258.htm; see also Wikipedia Articles, https://en.wikipedia.org/wiki/New_Century_Financial [last visited  10/10/2022].; https://en.wikipedia.org/wiki/List_of_entities_involved_in_2007%E2%80%932008_financial_crises; [last visited  10/10/2022]; See also https://en.wikipedia.org/wiki/List_of_entities_involved_in_2007%E2%80%932008_financial_crises;

## PARTIES[5]

**Plaintiffs**

9.      The Plaintiffs herein are Billy E. Singletary and Ida Singletary, who reside

at 169 Van Horne Street, Jersey City, County of Hudson, New Jersey 07304, where they

have resided continuously since 1978 (hereinafter referred to as the "Premises"), which

Premises are now the subject of this Adversary Complaint, and are at threat of being lost

by Plaintiffs.

**Defendants**

10.     At all relevant times, Defendant Equity Source Home Loans, LLC, was a

limited liability company organized and existing under the laws of The State of New

Jersey, with its principal place of business at 1120 Campus Drive, Morganville, New

Jersey 07751.

11.     At all relevant times, Defendant Anthony L. Affatati, was a Notary Public,

qualified in the State of New Jersey.

12.     At all relevant times, Defendant Chase Home Finance, LLC was, and upon

information and belief still is, a foreign Limited Liability Company doing business in

New Jersey with an office at 194 Wood Avenue South, Iselin, New Jersey 08830, which

merged with Defendant J.P. Morgan Chase, N.A. a corporation with its principal place of

business at 270 Park Avenue, New York, New York 10017.

13.     At all relevant times, Defendant Mary Jo McGowan was, and upon

information and belief still is, a Vice President for Chase Home Finance, LLC. and either

---

[5] All information concerning the parties is upon information and belief.

an officer, director, employee, independent contractor, and agent for Defendant Chase Home Finance, LLC.

14.    At all relevant times, Defendant Crystal Moore was, and upon information and belief still is, an either an officer, director, employee, independent contractor and agent for Defendant Chase Home Finance, LLC.

15.    At all relevant times, Defendant Leonor Gerholdt, was, and upon information and belief still is, a Notary Public, in and for the State of Florida.

16.    At all relevant times, Defendant Western Thrift & Loan was, and upon information and belief still is, a corporation organized and existing un the laws of the State of Nevada with its principal place of business at 580 East Plumb Lane, Reno, Nevada 89502.

17.    At all relevant times, Defendant Jay Tratl was at all relevant times an agent for Defendant Western Thrift & Loan, and upon information and belief still is, either an officer director, employee, independent contractor for said defendant.

18.    At all relevant times, Defendant Accredited Home Lenders Inc. was, and upon information and belief still is, a corporation with its principal place of business at 15909 Avenue of Science San Diego, California 92128, and since upon information and belief has been acquired by, or has merged with, another company by the name of Lone Star Fund V (U.S.).[6, 7,8]

---

[6] https://www.reuters.com/article/us-accreditedhome/subprime-lender-accredited-home-in-400-million-buyout-idUSN0444724720070604;

[7] https://www.lonestarfunds.com/funds-raised/capital-growth/lone-star-fund-v/;

19.     At all relevant times Defendant Lenders First Choice was, and upon information and belief still is, a California Corporation with its principal place of business now or formerly at 3850 Royal Avenue, Simi Valley, California, 93063.

20.     At all relevant times, Defendant Cecilia Guizar-Rodriguez, Assistant Secretary for Defendant Accredited Home Lenders Inc. was, either an officer, director, employee, independent contractor and agent for Defendant Accredited Home Lenders, 15909 Avenue of Science, San Diego, California, 92128.

21.     At all relevant times, Defendant, The Cit Group /Consumer Finance, Inc. was, and upon information and belief still is, a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 11 West 42nd Street, New York, New York and registered to conduct business in New Jersey.

22.     At all relevant times, Defendant Bank of New York Mellon (sued herein individually, and in its capacity as Trustee For Cit Mortgage Loan Trust 2007-1; and formerly known as The Bank of New York Mellon Corporation) was, and upon information and belief still is, a corporation with its principal place of business at 240 Greenwich Street, New York, New York 10007, and is successor by merger with JPMorgan Chase Bank, N.A. (formerly The Chase Manhattan Bank, N.A.) (said persons being sometimes referred to herein as "Chase").

---

[8] https://publicintegrity.org/inequality-poverty-opportunity/no-13-of-the-subprime-25-accredited-home-lenders-inc-lone-star-funds-v/

23.     At all relevant times, Defendant Cit Mortgage Loan Trust 2007-1, was, and upon information and belief still is, a trust affiliated with Citi Group Inc. headquartered in New York, New York.

24.     At all relevant times, Defendant Frank Lenartowicz, was an Assistant Secretary for Defendant Accredited Home Lenders Inc. was, and upon information and belief still is, an officer, director, employee and agent of Defendant Accredited Home Lenders, Inc.

25.     At all relevant times, Defendant Florence Watson, was, and upon information and belief still is, Notary Public, in and for State of New Jersey.

26.     At all relevant times, Defendant, Dannielle Ewald was, and upon information and belief still is, a Notary Public, in and for the State of Oklahoma, and is or was employed by Caliber Home Loans, Inc., at 13801 Wireless Way, Oklahoma City, OK 73134.

27.     Former Defendant Prestige Title Agency, Inc. has been dismissed without prejudice, by stipulation.

28.     At all relevant times, Defendant United General Title Insurance Company, was, and upon information and belief still is, a corporation with its principal place of business at 8310 South Valley Highway Road, Englewood, Colorado, 80112 that was, and upon information and belief still is, wholly owned and operated by Defendant First American Title Company, and has since merged with First American Title Insurance Company, having an office and place of business at 110 East 42nd Street, 10th Floor, New York, NY 10017.

- 6 -

29.     At all relevant times, Defendant Caliber Home Loans, Inc. was, and upon information and belief still is, a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 31525 S Belt Line Rd, Coppell, TX 75019, and was acting as agent for Chase during the events herein described.

30.     At all relevant times, Defendant Jennifer Scott, Authorized Signatory for Defendant Caliber Home Loans, Inc., was, and upon information and belief still is, either an officer, director, employee, contractor and agent for Defendant Caliber Home Loans, Inc.

31.     At all relevant times, Defendant David Nilsen Authorized Signatory for Defendant Caliber Home Loans, Inc., was, and upon information and belief still is, either an officer, director, employee, contractor and agent for Defendant Caliber Home Loans, Inc.

32.     At all relevant times Defendant Aurora Commercial Corp. was, and upon information and belief still is, a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1000 West Street, Wilmington, Delaware 19801.

33.     At all relevant times, Defendants John Does 1-100, were individuals whose identities are currently unknown to the Singletary's.

34.     At all relevant times Defendants ABC Company 1-100, are either sole proprietorships, corporations, partnerships, limited liability companies or any entity whose identities are currently unknown to Singletary's.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

**(a) Introduction**

35.    This complaint involves four primary events:

(a)    A mortgage affecting the Premises, in the amount of $238,000 recorded in

or about March 2006 (hereinafter the "March 2006 $238,000 Mortgage");

(b)    A modification of the said mortgage, increasing the March 2006 $238,000

Mortgage to $300,000, recorded in or about December 2006 (hereinafter the "December

2006, $300,000 Mortgage Modification";

(c)     The foreclosure, in which an order granting summary judgment,

foreclosing on the said mortgages, was entered on August 19, 2016; but for which the

Alias Writ for a foreclosure sale was not issued until December 20, 2020, and the

Certificate of Mailing was not filed until March 1, 2022.[9]

(d)    A lost mortgage proceeding brought in or about by Defendants Chase and

Caliber in Louisiana, on or about August 6, 2018 — after the entry of the Foreclosure

judgment on August 19, 2016, and not including Plaintiffs[10] — conducted apparently by

an electronic exchange of documents among the other parties involved, according to the

documents therein.

---

[9] Foreclosure before Judge Sarkisian, by Order on Summary Judgment dated August 19, 2016
[10] It being alleged by Plaintiffs the transaction was a sham transaction, and that the signatures
therein purporting to be those of plaintiff were either a forgery or were created by copying and
pasting Plaintiffs' signatures from other documents.

**(b) Facts in Support**

36.     Plaintiffs incorporate herein all Exhibits filed in connection with the initial

Adversary Complaint filed herein, being Exhibits "A" through "N", filed as ECF 1

through Documents 1-1 through 1-3.

37.     As aforesaid, both Plaintiffs reside at 169 Van Horne Street, Jersey City

County of Hudson, State of New Jersey, where they have resided since 1978 (sometimes

hereinafter referred to as "the Property").

38.     Prior to the December 2006, $300,000 Mortgage Modification transaction

Plaintiffs' experience with respect to mortgages was limited to (a) when they purchased

the property in 1978, and (b) on or about February 26, 2001, when they obtained a loan

modification increasing the loan amount to $128,000.

39.     Plaintiffs allege, as hereinafter described: (a) the March 2006, $238,000

Mortgage was a sham mortgage transaction; and (b) the December 2006, $300,000

Mortgage Modification was involuntarily executed by Plaintiffs, a closing at which they

were not represented by an attorney, and from which they received no proceeds.

40.     At the time of the December 2006, $300,000 Mortgage Modification

Plaintiffs — whose formal education was limited to high school level — were

unsophisticated with respect to mortgage transactions, and were without guidance of an

attorney.

41.     The following facts are stated with respect to the March 2006, $238,000

Mortgage transaction and the December 2006, $300,000 Mortgage Modification

transaction.

**(c)    The March 2006, $238,000 Mortgage**

42.    The March 2006, $238,000 Mortgage was originated by DEFENDANT EQUITY SOURCE HOMES, LLC as the lender. (Exhibit E ECF No. 1, Exhibit A)

43.    Neither of the Plaintiffs participated in any way in the purported March 2006, $238,000 Mortgage transaction.

44.    The documents in the March 2006, $238,000 Mortgage transaction were stated to have been notarized by DEFENDANT ANTHONY L. AFFATATI, Notary Public, State of New Jersey; however, never did Plaintiffs appear before said notary.[11]

45.    On or about April 6, 2006, Plaintiffs received a letter from DEFENDANT CHASE HOME FINANCE, LLC, stating that the March 2006, $238,000 Mortgage had been paid in full.

46.    On or about January 25, 2007 a Discharge of Mortgage for the March 2006, $238,000 Mortgage was purportedly executed by DEFENDANT MARY JO MCGOWAN, Vice President, DEFENDANT CHASE HOME FINANCE LLC.

47.    The Discharge of Mortgage was attested by DEFENDANT CRYSTAL MOORE, Assistant to DEFENDANT MAY JO MCGOWAN and notarized by DEFENDANT MARIA LEONOR GERHOLDT, Notary Public, State of Florida. The Discharge of Mortgage was recorded in Hudson County, New Jersey.

48.    However, neither of the Plaintiffs participated in that closing; and no documents were executed by either of the Plaintiffs in connection therewith.

---

[11] Since deceased upon information and belief.

49.     Accordingly, Plaintiffs state that their signatures were forged, and/or the documents were fabricated by the use of signatures from prior transactions entered into by the Singletary's.

50.     DEFENDANT JAY TRATL purportedly signed the loan application on behalf of DEFENDANT WESTERN THRIFT & LOAN; however, neither of the Plaintiffs ever met such a person.

51.     As part of his investigation into the fraudulent transaction, BILLY SINGLETARY spoke to a representative of DEFENDANT WESTERN THRIFT & LOAN who advised him that DEFENDANT WESTERN THRIFT & LOAN only provides loans to entities who reside within The State of Nevada.

52.     A purported adjustable rate note dated December 8, 2006 named DEFENDANT ACCREDITED HOME LENDERS INC. as the lender and Billy Singletary and Ida Singletary as borrowers.

53.     On or about August 8, 2018 Erica Webb, Vice President of JP Morgan Chase, National Bank Association, signed an Affidavit, stating that there was a gap in the chain of assignments of the "March mortgage" and that assignments of the "March mortgage" were either lost, never completed, and/or never recorded.[12]

54.     That assignment was by EQUITY SOURCE HOME LOANS, LLC to NEW CENTURY MORTGAGE CORPORATION, dated March 31, 2006, recorded on October 11, 2007.

---

[12] After the final judgment in the Foreclosure, on April 4, 2018

55.     A purported allonge was attached to the note and has the stamp of DEFENDANT THE CIT GROUP /CONSUMER FINANCE, INC. and was signed by DEFENDANT CECILIA GUIZAR-RODRIGUEZ, Assistant Secretary for DEFENDANT ACCREDITED HOME LENDERS INC.

56.     A second purported allonge was attached to the note with the stamp of DEFENDANT BANK OF NEW YORK MELLON as trustee for CITI MORTGAGE LOAN TRUST 2007-1 and stamped by THE CTI GROUP /CONSUMER FINANCE, INC and was signed by DEFENDANT FRANK LENARTOWICZ, Assistant Vice President of DEFENDANT CITI GROUP/CONSUMER FINANCE, INC.

57.     DEFENDANTS, ACCREDITED HOME LENDERS INC., THE CITI GROUP /CONSUMER FINANCE, INC., BANK OF NEW YORK MELLON, and CITI MORTGAGE LOAN TRUST 2007-1, upon information and belief, had knowledge of the existence of the March 2006, $238,000 Mortgage when the December 2006, $300,000 Mortgage was executed.

58.     As hereinafter more particularly described, Plaintiffs allege that the March 2006, $238,000 Mortgage[13] was a sham and a fraud —and state unequivocally that they did not attend and closing with respect to the same, and did not execute any of the papers purported to have been executed in connection therewith.[14]

---

[13] Closely in time to the April 2, 2007 Bankruptcy of New Century Mortgage Corporation, its subsidiary Home 123 Corporation, and a host of other subprime lenders in that era.
[14] E.g., https://en.wikipedia.org/wiki/New_Century_Financial [last visited  10/20/2023]. https://en.wikipedia.org/wiki/List_of_entities_involved_in_2007%E2%80%932008_financial_crises [last visited 10/20/2023].

**(d)      The December 2006, $300,000 Mortgage Modification**

59.      To be clear with respect to the Singletary's participation in the closing of

the December 2006, $300,000 Mortgage Modification — previously described briefly in

Paragraph 40 of the Complaint — annexed hereto is a Declaration by the Singletary's

wherein they elaborate on their participation in that closing, which is incorporated herein

by reference.

60.      As described in that Declaration, Plaintiffs were without counsel, were not

advised that they were entitled to have an attorney represent them, were not given a

notice of right of rescission under the Truth in Lending; that they did not appear before

any notary, contrary to the certifications in the documents.

61.      As described therein, Plaintiffs were under threats by agents and employees

of defendants Caliber and Chase, that if they did not execute the documents, they would

lose their home — which Plaintiffs understood to mean that they would be subject to

foreclosure.

62.      As described in their Declaration, Plaintiffs were not advised that they were

entitled to have an attorney represent them, were not give a notice of right to rescind

under the Truth in Lending, and did not understand the transactions that they were being

forced to enter into (nor was it explained to them); and that and they did not appear

before any notary, contrary to the documents.

63.      Plaintiffs state therein that according to Plaintiffs' knowledge and

Plaintiffs' records Plaintiffs did not receive any loan proceeds or credits from the

December 2006, $300,000 Mortgage Modification transaction.

- 13 -

64.      The documents included a uniform residential loan application dated December 11, 2006 Defendant Western Thrift & Loan[15] dated naming Billy Singletary as borrower and Ida Singletary co-borrower, for a loan in the amount of $300,000.

65.      The "$300,000 December Mortgage Modification" named Defendant Accredited Home Lenders as lenders and Billy Singletary and Ida Singletary as borrowers.

66.      Defendant Lenders First Choice was stated to be the closing agent for $300,000 December Mortgage Modification.

67.      On or about October 15, 2018 Plaintiffs received a letter from Chase confirming the loan secured by the $280,000 mortgage had been paid in full.

68.      Upon information and belief, the foregoing facts concerning the break in the chain of title to the Mortgage were not fully disclosure to the New Jersey Superior Court foreclosure, and/or were not considered by the Court.

69.      Further neither Billy Singletary nor Ida Singletary never applied for a loan, signed a note nor signed the mortgage itself, or presented any identification at the time the execution of the December 2006, $300,000 Mortgage Modification

70.      While neither Billy Singletary nor Ida Singletary signed any documents related to the December 2006 Mortgage Modification in the presence of a notary, certain documents wee purportedly notarized by Defendant Florence Watson, Notary Public, State of New Jersey.

---

[15] https://www.usbanklocations.com/great-western-thrift-and-loan-25082.shtml

71.     The signatures of Billy Singletary and Ida Singletary on the March 2006, $238,000 Mortgage were forged.

72.     On or about November 12, 2015, Billy Singletary sent a letter to Defendant Accredited Home Lenders, stating that he never signed any documents or was present for the signing of the March 2006, $238,000 Mortgage

73.     At a time, currently unknown, Defendant, Caliber Home Loans, Inc. became the loan service provider for the March 2006, $238,000 Mortgage, and were such service provider at the time of the December 2006, $300,000 Mortgage Modification.

74.     On or about August 5, 2015, Plaintiffs, received a letter from Defendant Caliber Home Loans, Inc. stating that the loan on "the Property" was in default and Defendant Caliber Home Loans, Inc. intends to institute a foreclosure action against Plaintiffs.

75.     On or about August 15, 2015, Billy Singletary, sent a notarized letter to Defendant Caliber Home Loans, Inc., seeking certain documents.

76.     On or about, April 26, 2016, Defendant American Security Insurance Company, issued a mortgagee's interest protection policy naming Defendant Caliber Home Loans, Inc., as the insured.

77.     On or about September 22, 2017, Plaintiffs received a letter from Defendant, Caliber Home Loans, Inc., stating that Defendant, Caliber had received notice of alleged fraud concerning the loan and asking for certain documents.

78.      Subsequent thereto Caliber and Chase have informed Plaintiffs and the Court that they investigated and found no fraud; however, Plaintiffs allege that those

- 15 -

investigations, if any, were not *bone fide* investigations, and were designed to simply close the case, rather than to determine and report the true facts.

79.     On or about December 24, 2015, Defendant Bank of New York Mellon as Trustee for Defendant Citi Mortgage Loan Trust 2007-1 filed a Foreclosure Complaint against Plaintiffs in Superior Court of New Jersey. Chancery Division, Hudson County, Docket No. F-41334-15.

80.     On or about February 5, 2016, the Singletary's, through their former attorney, Montel Figgins, Esq., filed and answer and Counterclaim.

81.     By Certification of Defendant Jennifer Scott, Authorized Signatory for Defendant Caliber Home Loans, Inc.,  stated that after she reviewed all business records maintained by Defendant Caliber Home Loans, Inc. relating to the "December mortgage", that she concluded that Defendant Bank of New of Mellon as Trustee for Defendant Citi Mortgage Loan Trust 2007 were in possession of the note and mortgage and Billy Singletary and Ida Singletary were in default for failing to make payments on the note.

82.     That Certification, as said Defendants were not in possession of said note, and said Jennifer Scott, and said Defendants knew such statement to be false, as evidenced by the subsequent proceeding seeking to correct the gap in the chain of mortgages, and the absence of a promissory note — such a gap being fatal to the foreclosure in accordance with caselaw.[16]

---

[16] See *e.g.* Residential Mortg. Loan Tr. 2013-TT2 by U.S. Bank Nat'l Ass'n v. Morgan Stanley Mortg. Cap., Inc., 457 N.J. Super. 237, 240–41, 198 A.3d 1025, 1027 (App. Div. 2018), citing

83.     On or about August 19, 2016 oral argument in support of the Patties' Motions for Summary Judgment were heard before The Honorable Barry P. Sarkisian, P.J.Ch.; however, Plaintiffs were advised that no recording of that hearing could be located.

84.     Judge Sarkisian Granted Summary Judgement in favor DEFENDANT BANK OF NEW OF MELLON as TRUSTEE FOR DEFENDANT CITI MORTGAGE LOAN TRUST 2007-1 by judgment entered on August 19, 2016, and denied the Singletary's request for request for discovery.

**(d)     The Lost Mortgage Proceeding by Chase and Caliber on or about August 6, 2018**

85.     As aforesaid, although the judgment of foreclosure was entered in the New Jersey Superior Court on Alias Writ for a foreclosure sale was not issued until December 20, 2020, and the Certificate of Mailing was not filed until March 1, 2022; and nothing was done by Chase to attempt to correct the break in the chain of title until on or about August 6, 2018— two years after the entry of the judgment in the foreclosure — when sham transaction was conducted in Louisiana.[17]

86.     Plaintiffs contend that that proceeding did not correct the lack of title to the note and mortgage, but simply exposes it.

87.     Defendant David Nilsen, an employee of Defendant, Caliber Home Loans, Inc., acting as attorney in fact for Defendant Bank of New of Mellon as Trustee for

---

Peck, 455 N.J. Super. at 258-59, 188 A.3d 1105; Mitchell, 422 N.J. Super. at 224-25, 27 A.3d 1229

[17] A mortgage purported to have been owned and assigned by Equity Source Home New Century Mortgage Corporation, by assignment.

Defendant Citi Mortgage Loan Trust 2007-1 executed a Certification of Amount Due in the foreclosure.

88.     Plaintiffs believe, based upon all of the information they have managed to glean, that none of the defendants have, or ever had, possession of the promissory note upon which the foreclosure before Judge Sarkisian was based.

89.     <u>For certain, never have Plaintiffs been shown, nor have they otherwise seen,  any documents from these purported transactions, bearing their original signatures</u>.

90.     Plaintiffs allege that the Defendants named in the Counts herein, are fully aware of that fact, and have fraudulently concealed their knowledge of the sham.

91.     In that connection the said sham transaction, it should be noted that in the Spring of 2007, New Century Financial Corporation, and its subsidiaries New Century Mortgage Corporation and Home 123 Corporation (sometimes herein collectively "New Century") ran into substantial financial difficulties, and trading of its stock on the NYSE was halted. On April 2, 2007, following which it filed for Chapter 11 bankruptcy.[4] In July 2010, three officers of the company agreed to pay $90 million in settlements and were barred from serving as directors of public companies for five years.[5]. See Wikipedia Articles, for participating in the creation of false mortgages.

https://en.wikipedia.org/wiki/New_Century_Financial [last visited  10/10/2023].

https://en.wikipedia.org/wiki/List_of_entities_involved_in_2007%E2%80%932008_financial_crises.

92.    Upon information and belief Defendant Accredited Home Lenders also filed for bankruptcy during the same financial crisis. [18]

93.    Based upon those articles, it appears that in order to attempt to bolster its assets, in the eyes of regulators, and with those with whom they sought to originate mortgages and otherwise do business, New Century — likely with the cooperation of others — created sham mortgage transactions to make it appear that it had assets which actually did not.

94.    Plaintiffs allege that the assignment of mortgage in this case — not included by any defendant in their documents submitted herein on their motions to dismiss, and apparently not fully disclosed to Judge Sarkisian in support of Defendants' mortgage foreclosure, upon information and belief — was a sham note and mortgage manufactured by New Century Mortgage Corporation.

95.    Upon information and belief, Defendants have known said transaction was a sham, but have concealed the information from both the Plaintiffs and this Court.

96.    In addition, upon information and belief most of the foregoing discrepancies with respect to these purported transactions may not have been fully divulged to Judge Sarkisian in support of Defendants' mortgage foreclosure action.

---

[18] https://www.reuters.com/article/accredited-bankrupt/update-1-accredited-home-lenders-to-file-for-bankruptcy-source-idUKN0131943220090501 [Last visited 10/10/2023]; https://en.wikipedia.org/wiki/List_of_entities_involved_in_2007%E2%80%932008_financial_crises; [Last visited 10/10/2023]

97.     Annexed hereto was a certification and declaration by the Singletary's describing the forced December 2006, $300,000 Mortgage transaction.

-98.     Annexed hereto as Exhibit A, is a snippet from the reported case. *Residential Mortg. Loan Tr. 2013-TT2 by U.S. Bank Nat'l Ass'n v. Morgan Stanley Mortg. Cap., Inc.*, 457 N.J. Super. 237, 244–47, 198 A.3d 1025, 1029–31 (App. Div. 2018), describing a situation similar to this case involving a New Century Mortgage Corp. fabricated note and mortgage.[19]

99.     Noteworthy is the discussion in that case, with respect to how solvent lenders purchased the loans of New Century from the bankruptcy for as low as 28 cents on the dollar —likely the discounted basis upon which the Defendants J.P. Morgan Chase, N.A. and Bank of New York Mellon obtained the March 2006, $238,000 Mortgage in this case, Plaintiffs allege.

## COUNT ONE
### (Voidance and/or Damages under New Jersey Predatory Lending Caselaw--Defendants J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.,)

100.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of this Complaint as if fully set forth herein.

101.    Defendants J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc., and their respective officers, agents, and employees, were fully aware that Plaintiffs were

---

[19] Cited not as authority, as the court there did not find for the borrower on the particular facts; but for the similarity of the falsification by New Century. The court in that case also noted that all records of New Century had been ordered destroyed at the conclusion of the bankruptcy.

unable to afford the monetary obligations required of Plaintiffs by the December 2006

Mortgage Modification.

102.    Upon information and believe, said persons were also aware of the defect in

their mortgage against Plaintiffs' home, from the history of the loan back to its origins

with New Century Mortgage Corporation, the original assignor thereof, including that

there was no original note delivered by New Century to said defendants.

103.    Yet, said Defendants, Plaintiffs allege, forced the refinancing with

Plaintiffs, in order to partially recoup their losses.

104.    Accordingly, the conduct of said Defendants constituted predatory lending

under the authority of *Nowosleska v. Steele*, 400 N.J. Super. 297, 304–06 (App. Div.

2008).

105.    Plaintiffs allege that the said acts by Defendants were willful and with

malice.

WHEREFORE Plaintiffs respectfully requests this Court enter Judgement against

said Defendants J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc., jointly and

severally, voiding the March 2006 Mortgage, as modified by the December 2006

Mortgage Modification, and for such compensatory damages, including interest and

punitive damages, as the Court shall deem just and proper, together with attorney's fees

and costs of suit, and such other and further relief the Court deems just and proper.

## COUNT TWO
**(Common Law Fraud: J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon, Individually and as Trustee for Defendant Citi Mortgage Loan Trust 2007)**

106.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraphs of the Complaint as if fully set forth herein.

107.    The commissions and omissions of Defendants J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc., Bank of New York Mellon, Individually and as Trustee for Defendant Citi Mortgage Loan Trust 2007 (hereinafter referred to as "Bank of New York Mellon"), and of their respective agents and employees imputable to said parties, as more fully set forth hereinabove, constitute, acts and omissions, of a deceptive, unfair and illegal nature, which, as such, constitute common law fraud.

108.    As a result of said actions, Billy Singletary and Ida Singletary have been damaged.

WHEREFORE Plaintiffs respectfully requests this Court enter Judgement against said Defendants J.P. Morgan Chase, N.A., Caliber Home Loans, Inc., and Bank of New York Mellon, Individually and as Trustee for Defendant Citi Mortgage Loan Trust 2007, jointly and severally, voiding the March 2006 Mortgage, as modified by the December 2006 Mortgage Modification, and for such for such compensatory damages as the Court shall deem just and proper, together with interest, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT THREE
### (Equitable Fraud: J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon)

109.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraphs of the Complaint as if fully set forth herein.

110.    The said commissions and omissions of Defendants J.P. Morgan Chase, N.A., Caliber Home Loans, Inc., and Bank of New York Mellon, and of their respective agents and employees imputable to said defendants, as more fully set forth hereinabove, as more fully set forth hereinabove, constitute, acts and omissions, also constitute equitable fraud.

WHEREFORE Plaintiffs request this Court enter judgment against said Defendants J.P. Morgan Chase, N.A., Caliber Home Loans, Inc., and Bank of New York Mellon, Individually and as Trustee for Defendant Citi Mortgage Loan Trust 2007, jointly and severally, voiding the March 2006, $238,000 Mortgage, as modified by the December 2006, $300,000 Mortgage Modification, and for such for such compensatory damages as the Court shall deem just and proper, together with interest, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT FOUR
### (Damages, including Treble Damages, and Other Relief, including Attorneys' Fees, and Voidance, under The New Jersey Consumer Fraud Act: J.P. Morgan Chase, N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon)

111.    Plaintiffs repeat and reallege each and every allegation contained in each preceding paragraph of this Complaint as if fully set forth herein.

- 23 -

112.    The commissions and omissions of Defendants J.P. Morgan Chase, N.A.,

Caliber Home Loans, Inc., and Bank of New York Mellon, and of their respective agents

and employees, as more fully set forth hereinabove, imputable to said defendants,

constitute, acts and omissions, of a deceptive, unfair and illegal nature, which, as such,

violated New Jersey's Consumer Fraud Act, NJSA 56:8-1, et seq., and which such acts

and omissions directly or proximately caused, led to, and resulted in significant

meaningful harm and loss to Plaintiff.

WHEREFORE Plaintiffs request this Court enter judgment against said

Defendants J.P. Morgan Chase, N.A., Caliber Home Loans, Inc., J.P. Morgan Chase,

N.A., and Caliber Home Loans, Inc.; Bank of New York Mellon jointly and severally,

voiding any and all agreements, contracts, or other such documents, relevant hereto,

including without limitation the March 2006, $238,000 and the December 2006,

$300,000 Mortgage Modification, and for such compensatory damages as the Court shall

deem just and proper (trebled), together with interest, costs of suit, and such other and

further relief as the Court deems just and proper.

## COUNT FIVE
### (Declaratory Judgment: All Defendants)

113.    Plaintiffs repeat and reallege each and every allegation contained in each

preceding paragraph of this Complaint as if fully set forth herein.

114.    Plaintiff seeks declaratory judgment by this Court, against Defendants J.P.

Morgan Chase, N.A., Caliber Home Loans, Inc., and Bank of New York Mellon,

declaring and judging (a) that Counts One through Six are timely brought, within

- 24 -

applicable statutes of limitations, which is six (6) years after accrual, and (b) that the

claims are not barred by the Rooker-Feldman doctrine, based upon the fact that the

claims stated herein are based in part upon actions by Defendants outside, and/or after the

foreclosure.

115.    In support, with respect to the statutes of limitations, Plaintiffs allege that

the last applicable act, in continuing acts, was the undertaking by Defendants of the

above-described lost mortgage proceeding in Louisiana, on or about August 6, 2018,

which could not have been considered by the foreclosure Court, as the event had not yet

occurred.

116.    Plaintiffs allege that the applicable statutes of limitation with respect to

each of the counts herein is six (6) years. *E.g*., with respect to common law fraud and

CFA claims, see *Catena v. Raytheon* Co., 447 N.J. Super. 43, 52–53 (App. Div. 2016)

(fraud claims and CFA claims six (6) years from accrual "when the fraud was discovered,

or through reasonable diligence should have been discovered"). With respect to Predatory

Lending, no case authority found; should be akin to fraud, since gravamen of the Count is

fraud.

WHEREFORE Plaintiffs request this Court enter judgment against said

Defendants J.P. Morgan Chase, N.A., Caliber Home Loans, Inc., and Bank of New York

Mellon, as Trustee, as aforesaid, declaring (a) that Counts One through Six are timely

brought, within applicable statutes of limitations, and (b) that the claims are not barred by

the Rooker-Feldman doctrine, together with such other relief and further relief as the

Court deems just and proper.

Dated:  October 27, 2023

/s/ Vincent J. D'Elia
Vincent J. D'Elia
Attorney for Debtors,
BILLY E. SINGLETARY and IDA
SINGLETARY
309 Communipaw Avenue
Ground Floor
Jersey City, New Jersey 07304
Phone: (201) 656-6503
Fax: (201) 656-3276
Email: vjd@deliamccarthy.com

c:\users\elban\dropbox\d'elia\singletary\singletary motions new new 08-27-2020\singletary amended
complaint\singletary first amended adversary complaint amended ele 03-30-2023 d37 10-15-2023
d17.docx\singletary first amended adversary complaint amended ele 03-30-2023 d37 10-15-2023
d17.docx/EF

**EXHIBIT A**

(Addendum: 2018 Case Involving New Century Mortgage Corp Loan)

Plaintiff requests that the Court note that the mortgage in <u>Residential Mortg. Loan
Tr. 2013-TT2 by U.S. Bank Nat'l Ass'n v. Morgan Stanley Mortg. Cap., Inc.</u>, 457 N.J.
Super. 237, 244–47, 198 A.3d 1025, 1029–31 (App. Div. 2018) was similarly originated
with New Century Mortgage Corp, following its bankruptcy in 2007. The likeliness of
that case (likely not an isolated case either) to the situation in Plaintiff's case above
described is compelling, we suggest, where the <u>Residential Mortg</u>. Court described the
underlying facts of the case as follows:

> The history of the mortgage and note were outlined in Judge
> Frederic S. Kessler's November 14, 2013 written opinion
> dismissing the Deutsche Bank foreclosure complaint. In his lengthy
> opinion, Judge Kessler detailed the deficiencies in Deutsche Bank's
> proofs and concluded there was no legally competent evidence that
> its alleged predecessor in title, Consumer Solutions, LLC, "had any
> rights to the subject loan." The judge noted that Consumer
> Solutions claimed it received an assignment from <u>New Century
> Mortgage Company</u>, an entity that went into bankruptcy in <u>April
> 2007</u>. The judge reasoned that a transfer of New Century's assets
> would have required approval from the bankruptcy court; proof of
> such approval should have been in the court records, yet it was not
> produced. <u>The judge noted that the lack of a chain of title might
> explain why Deutsche Bank "only paid 28 cents on the dollar for
> the assets that it allegedly received" from Consumer Solutions.</u>
> [*Emphasis Added*.] Judge Kessler concluded that although
> defendants sought the windfall of retaining their property without
> paying the mortgage, "it would be a greater windfall and greater
> injustice to require the payments to be made to an entity that is
> unable to establish any right to collect upon that obligation."
> However, he dismissed the action without prejudice to Deutsche
> Bank's right to institute a new foreclosure action "if it [could]
> obtain the requisite proof. Deutsche Bank then sold its interest in
> the note and mortgage to plaintiff. Attempting to establish its right
> to the note and mortgage, and hence its right to institute a new
> foreclosure action, plaintiff filed a General Equity complaint. In

addition to naming the Barros defendants, the General Equity complaint purported to name as defendants every known entity that might possibly have a claim to an interest in the note and mortgage. After reviewing the summary judgment evidence, and acknowledging that "the facts of this case display the worst of the mortgage/banking industry," General Equity Presiding Judge Katherine R. Dupuis nonetheless granted summary judgment. In essence, the judge found that, despite the tortured history, the undisputed material facts warranted granting plaintiff equitable relief. She noted that four years had passed since dismissal of the Deutsche Bank foreclosure action, and in those four years, "no entity has come forward seeking to enforce the note and mortgage." Significantly, Judge Dupuis found that plaintiff had named as defendants all known entities in the chain of title. The judge reasoned:

> As a court of [e]quity this court is faced with homeowners who have lived in the home since April 1, [2007] without payment of mortgage, interest, taxes or homeowners insurance. This is a period now exceeding 10 years. On the other hand, the plaintiff has now noticed every bank or entity that has been named by either party as being in the chain of title. None have answered, save two, and default [has been] entered as to the non-answering entities. The two that did answer have not objected to the relief sought.
>
> Defendants claim there are material disputes of fact as to the chain of title to the note and mortgage, and they contend it is not clear that plaintiff has named all parties with an interest in the instruments. Obviously, plaintiff filed this action because the chain of title is unclear. There is no dispute that defendants originally gave a mortgage to Wall Street Financial Corporation in 2006. There is no dispute that Wall Street Financial assigned the *246 mortgage to New Century Mortgage Corp., which recorded the assignment.
>
> New Century went into bankruptcy, and it is unclear which entity obtained assignment of the mortgage through the bankruptcy court. In a 2007 foreclosure action against defendants (F-21928-07), then-plaintiff

- 28 -

Consumer Solutions claimed that it was the holder of an unrecorded assignment from New Century. In 2009, Consumer Solutions' servicing agent, Acqura Loan Services, filed a certification from an assistant vice president, attesting that the assignment document had been lost. In a March 23, 2009 certification, a Consumer Solutions vice president attested that Consumer Solutions was the lawful owner of the note, but the note was a lost instrument.4 See **1031 Investors <u>Bank v. Torres</u>, 457 N.J. Super. 53, 59–61, 197 A.3d 686, 2018 WL 6004934, at *3-4 (App. Div. 2018) (holding that the holder of a lost note can validly transfer the right to enforce the note).

In the later Deutsche Bank foreclosure action (F-007398-12), the bank filed a February 28, 2013 certification from its servicing agent, attesting that New Century assigned the mortgage directly to Consumer Solutions,which then assigned it to Deutsche Bank.

Later on, in support of its General Equity complaint, plaintiff presented a different history. Attached to the complaint, plaintiff provided a May 30, 2013 certification from a Consumer Solutions vice president, attesting that on May 4, 2007, Consumer Solutions purchased the mortgage loan from Morgan Stanley Mortgage Capital, Inc. A mortgage loan purchase agreement was attached to the certification, but it is not clear whether the agreement listed *247 the Barros mortgage. The vice president also attested that Consumer Solutions assigned the mortgage to Deutsche Bank as trustee for VCM Trust Series 2009-1. A recorded assignment from Consumer Solutions to Deutsche Bank, dated January 16, 2012, was attached to the certification. The record also contains an assignment of the mortgage, dated March 14, 2014, from Deutsche Bank as trustee for VCM, to Residential Mortgage by its trustee U.S. Bank.

In its amended General Equity complaint, plaintiff described in detail efforts by its attorneys to track

down the missing assignment documents, to determine whether and how Morgan Stanley obtained an assignment of the instruments from New Century. The representations in the complaint were not supported by certifications from the attorneys or other legally competent evidence. However, plaintiff did submit a certification of its counsel, attesting that she had contacted the bankruptcy trustee's attorney and attaching an email from the attorney. In the email, the bankruptcy attorney explained that, except for two loans not relevant to this case, when New Century was liquidated in 2008, it had no interest in any loans acquired prior to its bankruptcy filing. Additionally, the email advised that New Century's records were destroyed in 2016, under authority of the bankruptcy court. [*Emphasis Added*.]

Residential Mortg. Loan Tr. 2013-TT2 by U.S. Bank Nat'l Ass'n v. Morgan Stanley Mortg. Cap., Inc., 457 N.J. Super. 237, 244–47, 198 A.3d 1025, 1029–31 (App. Div. 2018)