VINCENT J. D'ELIA, ESQUIRE
309 Communipaw Avenue, Ground Floor
Jersey City, New Jersey 07304
Telephone: (201) 656-6503
Facsimile:  (201) 656-3276
NJ Attorney ID#284851972
Email: vjd@deliamccarthy.com
Attorney for Plaintiffs, Billy E. Singletary and Ida Mae Singletary

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004¬2(c) | |
| In re:<br><br>BILLY E. and IDA SINGLETARY,<br><br>Debtors | Case No. 21-19637-JKS<br><br>Chapter 13<br><br>Honorable John K. Sherwood, U.S.B.J. |
| BILLY E. SINGLETARY and IDA SINGLETARY,<br><br>        Plaintiffs,<br>                          v.<br>EQUITY SOURCE HOME LOANS, LLC; ANTHONY L. AFFATATI; CHASE HOME FINANCE, LLC; J.P. MORGAN CHASE, N.A.; MARY JO MCGOWAN; CRYSTAL MOORE; MARIA LEONOR GERHOLDT; WESTERN THRIFT & LOAN; JAY TRAIL; ACCREDITED HOME LENDERS INC.; LENDERS FIRST CHOICE; CECILIA GUIZAR-RODRIGUEZ; THE CIT GROUP/CONSUMER FINANCE, INC.; BANK OF NEW YORK MELLON; FRANK LENARTOWICZ; FLORENCE WATSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP HOLDINGS, INC., CIT MORTGAGE LOAN TRUST 2007-1; ROY LACEY; DANIELLE EWALD; JENNIFER SCOTT; DAVID NILSEN; FIRST AMERICAN TITLE CO.; PRESTIGE TITLE AGENCY, INC.; UNITED GENERAL 'TITLE INSURANCE COMPANY; CALIBER HOME LOANS, INC; AMERICAN SECURITY INSURANCE COMPANY; AURORA COMMERCIAL CORP; JOHN DOES 1-100; and ABC COMPANY 1-100,<br><br>        Defendants. | Adv. Proc. No. 22-01091-JKS<br><br>**CERTIFICATION AND DECLARATION PURSUANT TO 28 U.S. Code § 1746 BY DEBTORS BILLY E. AND IDA SINGLETARY IN SUPPORT OF**<br>**FIRST VERIFIED AMENDED (SUPERSEDING) ADVERSARY COMPLAINT AMENDING AND RESTATING IN PART THEIR CERTIFICATION AND DECLARATION DATED September 27, 2018 AND FILED HEREIN AS**<br>**ECF DOC NO 32-2**<br><br>**Dated: October 27, 2023** |

Debtors and Plaintiffs BILLY E. SINGLETARY and IDA SINGLETARY (hereinafter, collectively "Plaintiffs" or individually, "Plaintiff"), in support of their First Verified Amended (Superseding) Adversary Complaint submitted concurrently herewith, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. Except as herein modified and supplemented, Plaintiffs restate and reaffirm their Certification and Declaration dated September 27, 2018, filed herein as ECF No. 32-2.

2. Upon review of our prior Declaration/Certification, filed herein as ECF Doc. No. 32-2, it became apparent that the prior declaration was unclear in certain respects, and actually misstated certain of the facts, for which Plaintiffs submit this Declaration as a modification to the prior Declaration, in the place of the prior that Declaration, insofar as we discuss the $300,000, December (2006) Mortgage Modification (herein referred to as the "December $300,000 Mortgage Modification") [1].

**A.    The $300,000 December 2006 Mortgage Modification Transaction**

3. In various places in the prior Declaration stated that we did not execute the documents with respect to the December $300,000 Mortgage Modification, and/or that we were previously unaware of those documents.

4. However, those were misstatements, as we <u>did</u> execute a modification agreement in connection with the $300,000 mortgage modification transaction.[2]

---

[1] E.g. ¶¶8; 39; 40; 48.
[2] To be clear, according to our recollection, there was no new mortgage in this transaction —only a modification agreement.

However, we executed the Modification under duress, because personnel of Caliber Home Loans, Inc. ("Caliber"), agent for J.P. MORGAN CHASE, N.A., threatened that if we did not do so, we would lose our home, implying as we understood it that they would foreclose.[3]

5. It was our intention to express that, where in Paragraph 40 of the prior Declaration we stated:

> 40. Along the way in order to be able to keep our home we agreed to a loan modification and made payments monthly. Yes, we went from refusing to a modification because we never took out the two illegal loans, but we would not want to lose our home. We signed the document after I refused to sign. We were told we were going to lose our home. Caliber and Chase, both asked me to sign sworn statements that my wife and I were victims of identity theft. We did, under oath. Those were true statements. We provided the same information in emails as sworn statements.

6. When we were first presented with these documents, I (Billy) refused to sign them.

7. There was no "sit-down" loan closing for the $300,000 Mortgage Modification. Those statements were and are correct. As stated therein, we were directed by a Caliber or Chase person by telephone that the loan papers would be mailed to us for signature, after which we should sign them and return them to Caliber by mail – both of which we did. Never did we appear in person before any Chase or Caliber employee or representative.

---

[3] Jennifer Scott or Defendant David Nilsen, as we recall at this time.

8. After receiving the loan papers by mail from Caliber I called the Caliber representative to again register my objections; however, the representative (Scott or Nilsen), stated, "Look, Chase wants their money, so if you don't sign the papers, you will lose your home, so you better sign the documents" (or words to that effect).

9. Being without an attorney, and unknowledgeable about mortgage financing at the time, and scared that might lose our home of some 28 years, we believed the representatives would do as they claimed; Ida was upset and concerned, and thought we had no other choice, and that hopefully we could find a way to deal with it in time. (At that point in time we had previously had only two mortgage transactions with respect to the house; and we had no attorney, having never engaged an attorney for the prior loan transactions.

10. Never did any person at Caliber tell us that we could have an attorney to represent us.

11. We were not asked to have our signatures notarized, and accordingly any such acknowledgements were made not in our presence; neither did we make any acknowledgement of our signatures by phone, as we recall at this time. The papers were mailed to us; and per the instructions from Caliber, we mailed them back – without any acknowledgement of our signatures, as I recall at this time.

12. No right of rescission was given to us with respect to the Modification of the $300,000 Mortgage Modification; and it was because of the loan payments required by the loan that we could not afford — which were automatically deducted our bank account at Chase — that the loan eventually resulted in the foreclosure, and the order

- 3 -

granting the foreclosure before Judge Sarkisian, by Order on Summary Judgment dated August 19, 2016.

13. We ask the Court to note that our prior experience with respect to mortgages prior to this transaction was limited to (a) when we purchased the property in 1978, and (b) on or about February 26, 2001, when we obtained a loan modification increasing the loan amount to $128,000. At neither of those transactions were we represented by an attorney.

14. No other mortgage refinancing was ever sought by us voluntarily.

15. Finally, to be clear, we restate that according to our knowledge and our records we did not receive any loan proceeds or credits from either the $238,000 March 2006 transaction or the $300,000 December 2006 transaction — meaning that we had a loss from the transactions of thousands of dollars.

## DECLARATION

Debtors and Plaintiffs BILLY E. SINGLETARY and IDA SINGLETARY each hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that the facts stated above are true, except as to any stated upon information and belief, and as to those we believe them to be true.

In addition we each so declare that he and she, respectively, have read the FIRST VERIFIED AMENDED (SUPERSEDING) ADVERSARY COMPLAINT, to which this declaration is annexed, and state that the facts alleged therein are true, except as to any stated upon information and belief, and as to those we believe them to be true.

Dated: October 27, 2023

_____
BILLY E. SINGLETARY

_____
IDA SINGLETARY

c:\users\elban\dropbox\d'elia\singletary\singletary motions new new 08-27-2020\singletary amended complaint\amended declaration\declaration singletary support first amended adversary complaint 03-10-2023 d22 rev 10-27-2023 8f.docxdeclaration singletary support first amended adversary complaint 03-10-2023 d22 rev 10-27-2023 8f.docx FINALR