

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

**STEPHEN R. CATANZARO**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8205 F: (973) 840-2156
scatanzaro@daypitney.com

November 13, 2023

**VIA ECF**
Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court – District of New Jersey
50 Walnut Street – Courtroom 3D
Newark, New Jersey 07102

      Re:    In re Billy E. Singletary and Ida Singletary
               Case No. 21-19637-JKS

               Billy E. Singletary and Ida Singletary. v. Caliber Home Loans, Inc., et al.
               Adv. Pro. No. 22-01091-JKS

Dear Judge Sherwood:

This firm represents Defendants Caliber Home Loans, Inc., The CIT Group/Consumer Finance, Inc., Roy Lacey, Dannielle Ewald, Jennifer Scott, and David Nilsen (collectively "Defendants") in this adversary proceeding. Please accept this letter in lieu of a more formal supplement to Defendants' pending Motion to Dismiss ("Defendants' Motion").

As Your Honor recalls, Defendants' Motion was filed on July 28, 2022. (*See* ECF No. 27.) Defendants filed reply papers in further support of Defendants' Motion and in opposition to Plaintiffs' request to amend their Complaint on October 21, 2022. (*See* ECF No. 36.) Pursuant to this Court's Ordered dated October 25, 2023, Plaintiffs were permitted to amend their Complaint, which they did by virtue of a First Amended Complaint filed on October 27, 2023 ("FAC").[1] (*See* ECF Nos. 42, 43.) The Court's Order also permitted Defendants to file a supplement to

---

[1] The delay in the filing was due to the unfortunate health issues endured by Plaintiffs' counsel.

117220269.1

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 2

Defendants' Motion, at which point the motion would be deemed fully briefed and the Court will render a decision. (ECF No. 42.)[2]

Defendants file this supplement to address the new allegations and claims asserted by Plaintiffs in their FAC. Unsurprisingly, there is nothing about the FAC that changes the analysis here. Plaintiffs' FAC must be dismissed with prejudice.

## PRELIMINARY STATEMENT

Plaintiffs' FAC is just a continuation of their baseless and legally unsustainable claims, restructuring the same underlying allegations relating to the origination of the December 2006 Mortgage and the Final Judgment entered by the state court in the Foreclosure Action in April 2018.[3] Plaintiffs have now repackaged their initial 22-count Complaint into a 5-count FAC. The problem for Plaintiffs is that every single claim explicitly states that they are **seeking to void all of the mortgage instruments**, which would necessarily include overturning the Final Judgment that found those documents to be valid and enforceable. Put another way, this Court gave Plaintiffs another chance – with the FAC – to explain how their lawsuit is not subject to the myriad preclusionary doctrines that render them unable to bring this suit before this Court. In response, Plaintiffs have outright failed to do so. That is because there is no conceivable amendment that can overcome the legal futility of Plaintiffs' claims. The law is unmistakably clear that a party cannot collaterally attack a state court foreclosure judgment or otherwise raise issues that were

---

[2] Defendants' deadline to file this supplement was extended once to today's date. (ECF No. 46.)
[3] Defendants incorporate the defined terms from its original motion papers. (ECF Nos. 27, 36.)

117220269.1

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 3

already decided against them in the state court, and Plaintiffs are otherwise time-barred to challenge mortgage instruments that were originated almost two decades ago.

Accordingly, for the reasons set forth in Defendants' moving papers, and for the reasons discussed below, the Court should dismiss Plaintiffs' Complaint because (a) this Court lacks jurisdiction under the *Rooker-Feldman* doctrine, (b) Plaintiffs are precluded from re-litigating issues decided years ago under the res judicata and claim preclusion doctrines, as well as the entire controversy doctrine, and (c) Plaintiffs' FAC otherwise fails to state a claim and is barred by the applicable statute of limitations.

## BRIEF RESTATEMENT OF FACTS

For purposes of brevity, Defendants incorporate by reference the Statement of Facts and corresponding Certification of Counsel submitted in their moving and reply papers. (ECF Nos. 27, 36.) In light of Plaintiffs' attempt to restructure their allegations and claims, Defendants provide a brief summary of the FAC below.

### Allegations Against The Individual Caliber Employee Defendants

Plaintiffs have apparently agreed to dismiss certain of the individually named current and former employees of Caliber, but are inexplicably still pursuing claims against the others. They agree to dismiss Roy Lacey and Danielle Ewald. (*See* FAC [ECF No. 43] at ¶ 7.) They refuse to dismiss Jennifer Scott or David Nilsen. (*Id.* at ¶¶ 7, 30-31.) This is despite the **only** allegation against Scott being that she was an "authorized signatory" of Caliber that executed a Certification on behalf of Caliber. (*Id.* ¶¶ 30, 81-82.) As for Nilsen, the only allegation is that he was an "authorized signatory" of Caliber and that he executed a Certification of Amount Due. (*Id.* ¶¶ 31,

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 4

87.)  Perhaps it is an oversight by Plaintiffs, but there is absolutely no basis for any of the Caliber Employee Defendants to be named individually in this action.

### Allegations Against Caliber

As it relates to Caliber, the allegations in the FAC are functionally no different than those asserted by Plaintiffs in the initial Complaint or the first proposed Amended Complaint they filed in opposition to Defendants' Motion the first time around.  (*Compare* ECF Nos. 1, 32, 43.) Plaintiffs still claim that Caliber was involved in some type of fraud in connection with the December 2006 Mortgage (and now also the March 2006 Mortgage), and that said fraud continued up to and through the entry of the Final Judgment in the Foreclosure Action.

While Plaintiffs' allegations are essentially the same, they have added a new cause of action at Count Five for Declaratory Judgment.  (FAC [ECF No. 43] at ¶¶ 113-116.)  In this new claim, Plaintiffs are seeking a "declaration" that their claims are timely and not barred by the *Rooker-Feldman* doctrine.  (*Id.*)  In essence, Plaintiffs appear to be asserting as a cause of action a response to the legal concepts that warrant dismissal of their case.  Put another way, Plaintiffs are asking the Court to declare that their claims are proper, which is precisely the issue being decided by virtue of Defendants' Motion.  As set forth below, this procedural maneuver is not contemplated under the Declaratory Judgment Act ("DJA") and is otherwise baseless.

### Plaintiffs' Story Keeps Changing

For the first time in their FAC, Plaintiffs now seemingly admit that they signed the December 2006 Mortgage and claim that the prior eight (8) years of sale allegations were merely "misstatements."  (FAC Certification [ECF No. 43-1] at ¶ 4.)  They now appear to refer to the

117220269.1

**DAY PITNEY LLP**

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 5

December 2006 Mortgage as a loan modification. The alternative reading of this admission is that Plaintiffs are referring to the 2011 or 2013 Loan Modification agreements, which contained the acknowledgement that "no fraud or deception occurred with respect to the origination or servicing of the loan documents." (*See* ECF No. 27-2 [Catanzaro Cert.] at ¶ 4, Ex. C.) These Loan Modifications occurred after the alleged fraud in the origination of the December 2006 Mortgage, yet Plaintiffs had previously ignored this fact because it further dispelled their claims of fraud. Now, the story is apparently that they did sign at least one of the Loan Modifications, but it was done so "under duress." (*See* ECF No. 43-1 at ¶ 4.) Regardless of what document Plaintiffs are referring to, they now admit that they did have knowledge of the Loan documents and executed a modification related thereto more than a decade ago. (*Id.*)

Moreover, Plaintiffs' initial versions of the Complaint correctly limited Caliber's involvement to the one mortgage it serviced, i.e. the December 2006 Mortgage. (*See* ECF No 1; *see also* ECF No. 27 at 3-4.) Now, the FAC seemingly conflates the March 2006 Mortgage (to which Caliber had no involvement) with the December 2006 Mortgage, seemingly implying that this was a single transaction of some kind. Candidly, it is difficult to follow Plaintiffs' evolving story. At this point, however, it is irrelevant which version of the story Plaintiffs run with because there are certain indisputable foundational facts of public record that mandate dismissal here.

**Undisputed Facts of Public Record That Warrant Dismissal**

It bears reiterating that there are certain critical facts of public record that Plaintiffs do not and cannot dispute, which render Plaintiffs' motion not sustainable as a matter of law.

117220269.1

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 6

*First*, Plaintiffs cannot dispute that they raised these identical arguments in the Foreclosure Action in their contesting answer with affirmative defenses and counterclaims and in their opposition (through counsel) to BNY's motion for summary judgment. (*See* ECF No. 27-2 [Catanzaro Cert.] at ¶¶ 6-9, Exs. E-H.)

*Second,* Plaintiffs cannot dispute that the Court in the Foreclosure Action rejected every one of their arguments when it granted BNY's motion and struck Plaintiffs' answer. (*Id.* at ¶ 10, Ex. I.) In that ruling, the Court explicitly found that BNY was in possession of the note and mortgage, that Plaintiffs had defaulted on their payment obligations under the Loan, and, therefore, that BNY had a right to foreclose. (*Id.*) **The Court further held that "the arguments postulated by [Plaintiffs] are not meritorious or pled with the requisite specificity. Specifically, the Court finds that [Plaintiffs] have failed to disprove that [BNY] is in possession of a validly executed Note or that [BNY] extended credit to [Plaintiffs], which [BNY] knew [Plaintiffs] could not pay."** (*Id.*) The court thereafter entered the Final Judgment and Plaintiffs did not appeal. (*Id.* ¶ 11, Ex. J.)

*Third*, Plaintiffs cannot dispute that they are raising the exact same arguments and claims in this action. The entirety of their FAC is devoted to challenging the March 2006 Mortgage and December 2006 Mortgage, and an alleged ongoing fraud related thereto. (*See* ECF No. 43.) Indeed, the relief they seek for each cause of action is almost identical:

> WHEREFORE, Plaintiffs request this Court enter judgment against said Defendants . . . jointly and severally, **voiding any and all agreements, contracts, or other such documents, relevant thereto, including without limitation the March 2006 Mortgage, $238,000 and the December 2006, $300,000 Mortgage Modification** . . .

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 7

(FAC [ECF No. 43] at ¶¶ 105, 108, 110, 112) (emphasis added.) Thus, Plaintiffs concede in their own FAC that they are seeking to void the same mortgage documents that the Court in the Foreclosure Action already deemed valid and enforceable. That is not permitted.

## ARGUMENT

### I.   THE FAC SHOULD STILL BE DISMISSED WITH PREJUDICE

Plaintiffs' FAC still suffers from the same flaws as its prior iterations. Put bluntly, because Plaintiffs are seeking to void the mortgage instruments and overturn the Final Judgment in the Foreclosure Action, their claims must be dismissed by this Court as a matter of law.[4]

### A. The Court Still Lacks Subject Matter Jurisdiction Under *Rooker-Feldman*

The analysis here has not changed. In order for Plaintiffs to succeed on their claims, this Court would have to issue a ruling that overturns the Final Judgment entered in the Foreclosure Action. This is a textbook example of a suit that is barred by the *Rooker-Feldman* doctrine.

For purposes of brevity, Defendants will not recite the law or arguments in this regard, but incorporate by reference their extensive prior briefing on this issue. (*See* ECF No. 27 at 10-13; ECF No. 36 at 6-8.) The law has not changed and the same arguments still apply here. Plaintiffs are impermissibly inviting this Court to review and reverse the Final Judgment, which this Court is not permitted to do.

---

[4] To the extent Defendants to not recite a specific argument raised in their prior briefing, same should not be considered a waiver of said argument. For purposes of brevity and efficiency, Defendants are only addressing certain of the arguments as it pertains to new allegations or claims asserted in the FAC.

117220269.1

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 8

### B. Plaintiffs' Claims Are Still Barred by the Preclusionary Doctrines of *Res Judicata*, Collateral Estoppel and the Entire Controversy Doctrine

Once again, the analysis here has not changed. Each of these preclusionary doctrines apply and warrant dismissal of the FAC with prejudice. Defendants refer the Court to its prior briefing on these issues. (*See* ECF No. 27 at 13-18; ECF No. 36 at 8-11.).

As it relates to *res judicata*, it is evident here that the claims in this action arose out of the same transactions and occurrences that were actually litigated (or could have been litigated) in the Foreclosure Action. And there is no question that the Foreclosure Action and this action involve the same relevant parties, i.e. BNY and Caliber are in privity with one another as Caliber was servicer of the Loan held by BNY at the time that BNY obtained the Final Judgment. Accordingly, all of the elements for *res judicata* are met.

As for collateral estoppel, Plaintiffs' claims are also barred because the issues concerning the validity of the Loan Documents and standing to foreclose were previously decided in the Foreclosure Action. Plaintiffs had every opportunity in the Foreclosure Action to raise these claims. They did and they lost. They cannot relitigate them again here.

As for the entire controversy doctrine, even if the FAC can be construed as raising new claims that were not raised in the Foreclosure Action, Plaintiffs' claims must still be dismissed because they should have been raised in that action. Under the clear definition of Rule 4:30A, Plaintiffs' FAC claims are certainly germane to the Foreclosure Action: they challenge the validity of the Loan Documents and the Final Judgment granting the right to foreclose and sell the Property. Thus, there are no actual controversies for this Court to resolve.

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 9

### C. Plaintiffs' Claims Are Barred by the Applicable Statute of Limitations

Even in the unlikely scenario that the Court does not dismiss on the grounds mentioned above, the claims asserted by Plaintiffs in the FAC are time-barred under the applicable statutes of limitations. Plaintiffs' FAC appears to have reformulated their allegations in a way that is designed to evade their claims being time-barred. Those efforts fail.

In the earlier iterations of their Complaint, the majority of Plaintiffs' allegations related to facts and alleged wrongdoing between December 8, 2006 (origination of the Loan) and December 24, 2015 (the date of the filing of the Foreclosure Action). Now, Plaintiffs seek to extend the alleged fraud even further, introducing for the first time allegations extending into 2018 concerning a purported lost mortgage proceeding in Louisiana. (ECF No. 43 at ¶¶ 34, 85, 115.) This is nothing more than a distraction technique that does not change the analysis.

Here, the applicable statutes of limitations for Plaintiffs' claims range from 1-6 years, including 6 years for fraud. *See* N.J.S.A. 2A:14-1, *et seq*. Plaintiffs' initial Complaint was filed on April 11, 2022, i.e. more than 15 years after the origination of the Loan, and more than 6 years after the filing of the Foreclosure Action. So even if we were to assume that Plaintiffs first learned of the existence of the allegedly fraudulent mortgage documents at the time of the filing of the Foreclosure Action in December 2015 (a claim that is implausible given their admission that they executed at least one of the Loan Modifications – *see* ECF No. 43-1 at ¶ 4), their claims would still be outside of the six year window. This is another basis for dismissal.

117220269.1

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 10

### D. Plaintiffs' New "Declaratory Judgment" Claim is Baseless

Plaintiffs' FAC asserts a new cause of action (Count Five) – apparently under the DJA – seeking a declaration that their claims are "timely brought" and "not barred by the *Rooker-Feldman* doctrine." (FAC [ECF No. 43] at ¶¶ 114-116.) This claim functionally makes no sense and there is no basis for declaratory relief under the DJA.

As an initial matter, Count Five does not appear to actually seek any declaratory relief. Instead, it appears to have been filed in response to the various defendants' dismissal motions. In this regard, Plaintiffs seem to be seeking a ruling on the arguments raised in defendants' motions in the form of declaratory relief. It is unclear if this is a tactic to try to avoid a ruling on the pending motions or something else, but regardless this does not appear to be any type of declaratory relief contemplated under the DJA or otherwise. Simply put, whether Plaintiffs' claims should be dismissed under *Rooker-Feldman*, the expiration of the applicable statute of limitations, or the other legal grounds asserted in Defendants' Motion is purely a legal issue that should be decided by this Court now, and decided in favor of Defendants and against Plaintiffs.

Even if Plaintiffs' claims could be construed as seeking declaratory relief under the DJA, this Court should exercise its broad discretion under the DJA to decline jurisdiction. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *State Auto Insurance Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000); *Reifer v. Westport Ins. Corp.,* 751 F.3d 129, 146 (3d Cir. 2014).

117220269.1

**DAY PITNEY** LLP

Hon. John K. Sherwood, U.S.B.J.
November 13, 2023
Page 11

## CONCLUSION

Based on the foregoing, Plaintiffs' FAC should be dismissed with prejudice. Plaintiffs have been given several opportunities to set forth a viable cause of action. They have failed to do so because their lawsuit suffers from an inescapable and fatal flaw – it is impermissibly seeking to overturn the Final Judgment entered by the state court in the Foreclosure Action.

Respectfully submitted,

*/s/ Stephen R. Catanzaro*

Stephen R. Catanzaro

Encl.
Cc:   Counsel of record (via ECF)
      Billy Singletary and Ida Singletary (via e-mail)

117220269.1